STANDARD OIL COMPANY OF INDIANA, A CORPORATION, v. RALPH R. LEAVERTON AND ALICE LEAVERTON, PARTNERS, DOING BUSINESS AS THE LEAVERTON AUTO WRECKING COMPANY.—192 S. W. (2d) 681.

Kansas City Court of Appeals. February 11, 1946.

*Conkling & Sprague* and *Whitney W. Potter* for appellant.

*Brown, Douglas & Brown,* and *R. A. Brown, Jr.,* for respondents.

DEW, J.—This is an appeal by the appellant, as plaintiff below, from a judgment of the trial court sustaining defendants' motion to dismiss upon the ground that the petition failed to state a cause of action against the defendants (respondents).

The petition states that plaintiff is a corporation, maintaining a general office in St. Joseph, Missouri; that the defendants were at the times in question partners, operating under the firm name of Leaverton Auto Wrecking Company, engaged in the business of buying and selling used and wrecked automobiles, auto parts and salvage metal; that on July 15, 1944, one James Williams went to defendants' place of business and then and there defendants negligently delivered to said Williams possession of a used and second hand automobile owned by defendants; that possession of said automobile was delivered to said Williams by defendants for the purpose of permitting Williams to try out said automobile with the view of purchasing the same from defendants; that thereupon said Williams paid to defendants and defendants accepted $60 as a deposit to be either returned to said Williams if the automobile was returned and not purchased by him, or applied on the purchase price in the event he did purchase the same; that at the time of the delivery of said automobile to said Williams defendants knew that the automobile would be used by Williams upon the streets of St. Joseph and other places, and that it was the duty of the defendants to exercise ordinary care to avoid putting forth upon the streets of said city an automobile with defects calculated to injure persons or damage other property while traveling thereon; that at said time and place the brakes on said automobile were defective, and defendants knew at that time, or by the exercise of ordinary care could have and should have known, that the brakes thereon were defective, but, nevertheless, breached their said duty by delivering the automobile with defective brakes to Williams, knowing that it would be operated upon the streets of said city, and other places.

The petition further alleges that on July 16, 1944, while Williams was driving said automobile and exercising the highest degree of care in the operation thereof, and while operating the same on one of the public driveways located on plaintiff's filling station premises in said city, the brakes on said automobile failed to work because of said defective condition, and said Williams, on account thereof, ran and drove said automobile into and against two gasoline pumps then and there owned by the plaintiff, knocking the same to the ground, causing them to be burned, and greatly damaging them in and about all their parts, and completely demolishing the same to plaintiff's damage in the sum of $352.45. The petition specifies the following negligence on the part of defendants, to-wit: that defendants negligently delivered to said Williams for use upon the streets of St. Joseph said automobile with defective and inadequate brakes when

they knew, or by the exercise of ordinary care could have known, that the same were defective and inadequate; that defendants negligently failed to make reasonable inspection to test said brakes and to determine the condition thereof, and to know and discover said defective condition before delivering possession of said automobile to Williams for use and operation over the streets and highways and other places in St. Joseph, Missouri; that defendants negligently failed to notify said Williams upon delivery of said automobile that the brakes were inadequate and defective; that as a direct result of defendants' said negligence, the gasoline pumps belonging to the plaintiff were damaged in the sum named, and that said negligence of defendants was the proximate cause of said damage.

For the purposes of the motion to dismiss, we must, of course, assume as true the facts properly pleaded in plaintiff's petition. These facts, with the reasonable inferences to be drawn therefrom are, in effect, that defendants, owners of the second hand automobile, in the promotion of a possible sale of the same to a customer, and on receipt of a deposit of $60, negligently caused, allowed and permitted the automobile to be taken by the prospective customer for a temporary tryout, and to be operated over and upon the public streets and highways and other places of the City of St. Joseph; that such operation would necessarily bring the automobile in proximity of the persons and property of third parties; that it was defendants' duty, by inspection or otherwise, to use ordinary care to avoid putting said automobile upon the streets and highways and other places in said city when there were defects in the condition of said automobile, calculated to endanger the persons and property of third parties; that defendants knew, or by the exercise of ordinary care could have known, as dealers in automobiles, that the brakes on the automobile in question were defective so as to endanger the persons and property of third parties while the automobile was being so operated over the public streets and elsewhere in and about said city; that defendants negligently failed to notify the operator of such defective brakes; that while the operator was operating said automobile in the exercise of the highest degree of care, and as a direct and proximate result of said negligence of the defendants, the automobile was caused and permitted to run into and upon the plaintiff's property and injure the same as pleaded.

The duty of the defendants, under the facts pleaded, was not confined to that of vendor to vendee, bailor to bailee, lessor to lessee, lender to borrower, or whatever relationship may have existed solely between the owners and the prospective purchaser. The law imposed upon the defendants as owners of the automobile the duty to exercise ordinary care to see to it that when permitted by them to be operated over the public highways and other parts of the city, the automobile was not so defective that such operation would thereby endanger the

property and persons of third parties. Taking the allegations of plaintiff's petition as true, defendants negligently failed to perform that duty, resulting directly in the damages to plaintiff's property, alleged. The fact that the automobile was not offered as a new automobile, or one which had been reconditioned, or the fact that defendants and their customer all knew it was a used automobile, would not, under the allegations of the petition, relieve defendants of their duty, above stated, to the plaintiff and other third parties.

This principle of law is recognized by the Springfield Court of Appeals in Spelsky v. Kissel-Skiles Company, 54 S. W. (2d) 761. It is true that in that case the automobile was a rented automobile and the relationship between the parties was that of bailor and bailee, yet it is evident that the court did not determine the negligence of the defendant on that relationship, but on the duty imposed by law on the defendant toward third persons.

The court cited and quoted from the case of Vaughn v. Millington Motor Co., 160 Tenn. 197, 22 S. W. (2d) 226, 227;

"While automobiles and motortrucks are not *per se* dangerous instrumentalities, they may become so when used at places and in a manner calculated to do injury. Hence the rule that one who lets an automobile or motortruck for use in public owes the duty of exercising ordinary care to avoid putting forth a machine with defects calculated to injure persons who come in contact with it. As stated, *this duty does not rest upon the contract of bailment, but arises from the obligation which the law imposes upon every man to refrain from acts of omission or commission which he may reasonably expect would result in injury to third persons.* It would be little, if any, short of criminal conduct to operate an automobile or autotruck without proper devices to control its movements. Hence the rule that if the bailor knows or by reasonable diligence could know of defects in devices intended to control them, an obligation rests upon him not to let the machine without correcting the defect, or without notifying the bailee and contracting with him to make the machine safe before using it in public". (Italics supplied.)

The court in the Spelsky case, *supra,* also cited with approval and quoted from Saunders System v. Adams, 217 Ala. 621, 117 So. 72, 73, wherein it is said:

"One who lets an auto for hire with knowledge or notice that it will be used upon the public highways, thus involving probable danger to others than the driver, is under duty to inspect the machine to the end that such danger may not arise. Every one of good sense and having proper regard for his fellows must foresee the danger, and, foreseeing, must take reasonable precaution against it. There is no intention to suggest that a person engaged in defendant's business become a guarantor of the absolute integrity of the machines he lets. We intend only to hold that he must exercise reasonable diligence to

know the condition of his machines before letting them into the hands of drivers for use on the highways. He must in that regard exercise such simple and available tests as the intended use would suggest to sensible and right-minded persons—the jury being at last the judges".

In The Law Applied to Motor Vehicles, Babbitt, (3 Ed.), p. 553, Sec. 809, it is said:

"There is an implied engagement between the owner of a vehicle and the public, that the vehicle is safe and so constructed as not to endanger the lives and safety of others. To that extent the proprietor assumes a responsibility to third parties".

See, also Cyclopedia of Automobile Law and Practice, Blashfield, Vol. 7, Perm. Ed., Sec. 5237; Restatement of the Law, Torts, Sec. 389. It is also said in 42 C. J., p. 1077, Sec. 835:

"The owner of an automobile, who, knowing it to be in an unsafe condition for operation, nevertheless permits another person to operate it upon the highway, is liable for injuries resulting from its defective condition; but he is not liable if it was operated without his knowledge or consent".

It is our opinion that the petition in this case stated a cause of action. The motion to dismiss should have been overruled. The action of the trial court in sustaining the motion to dismiss and the judgment thereupon rendered are hereby reversed and the cause remanded. All concur.