Joan WILSON, Respondent,

v.

UNION CONSTRUCTION COMPANY, a
Corporation, Appellant.

No. 47453.

Supreme Court of Missouri,

Division No. 2.

May 9, 1960.

Motion for Rehearing or to Transfer to
Court en Banc Denied June 13, 1960.

Harold T. Vandyke, Davis, Thomson,
Vandyke & Fairchild, for appellant.

Harry H. Ellis, Michael J. Drape, Galen
Knowlton, Knowlton, Ellis & Drape, Kansas City, for respondent.

BOHLING, Commissioner.

Mrs. Joan Wilson sued the Union Construction Company, a corporation, asking $25,000 damages for personal injuries received in an automobile collision. The trial resulted in a nine-juror verdict for the defendant. The court sustained plaintiff's motion for new trial for error in giving defendant's sole cause instruction. Defendant has appealed and contends the court

erred in granting a new trial on the ground assigned.

Plaintiff's case was submitted on the theory that defendant's pickup truck overtook and negligently and carelessly was allowed to run into and collide with the rear end of the automobile in which plaintiff was a passenger, which defendant states was specific negligence under the "rear end collision" doctrine, citing Rosenblum v. St. Louis Pub. Serv. Co., Mo.App., 242 S.W.2d 304, 306[2], cases there cited, and Bowzer v. Singer, Mo.App., 231 S.W.2d 309, 310 [1].

The collision occurred a short distance east of Prospect on Swope Parkway, public streets in Kansas City, about 4:25 p. m., June 25, 1957. The streets were dry. Mrs. Marguerite DeGraffenreid, driving her 1954 Chevrolet automobile coach, was taking Mrs. Loretta Sutton and plaintiff home from work. She was driving in the north or left lane of the two lanes for eastbound traffic on Swope Parkway, the street having two lanes for traffic in each direction. After stopping for the traffic light, she crossed Prospect on the "green" signal and continued eastwardly on Swope Parkway. Ross Clough, defendant's timekeeper, also was eastbound in said lane on Swope Parkway in defendant's 1953 one-half ton International pickup truck to deliver pay checks to certain employees of defendant at a job site. In December, 1956, defendant had furnished Clough this truck to use in his work. Clough testified that he slackened speed by taking his foot off the accelerator about a half block west of Prospect, but the traffic light turned to "green" as he approached Prospect and he did not have to stop at the intersection; that after he proceeded through the intersection, the cars in front seemed to slacken speed when they were three or four car lengths east of him; that he immediately applied his foot brake, which went to the floor board; that he pumped the brake pedal several times in attempting to stop but the brake did not take hold and the truck, while traveling 15 miles an hour, ran into the rear of the Chevrolet in which plaintiff was riding.

The evidence permitted of findings that the traffic at the time on Swope Parkway was heavy, and that there were westbound cars on the north half and eastbound cars on the south or outside lane of the highway.

Clough did not use the emergency brake, stating he did not have time, or turn off the ignition, or shift to a lower gear, or swerve, or sound the horn.

The front truck bumper went under the rear bumper of the Chevrolet and the two bumpers locked. After the two cars were separated, Clough moved the truck to an adjoining parking lot, using the hand brake. Clough's attention was then called to brake fluid escaping at his right front wheel. This was several minutes after the collision, 5 minutes according to Clough, and 20 or 25 minutes according to plaintiff's evidence.

Clough had minor maintenance work done on the truck but major work would be approved by someone.

Clough testified the brakes had been working normally up to the time of the collision and he had no knowledge of the situation with respect to his brakes before the collision.

Plaintiff adduced evidence that immediately before the collision the "squeal" of tires was heard back of the Chevrolet; that the Chevrolet at the time of impact was traveling with the traffic 10 to 12 miles an hour; that the brakes of the Chevrolet were first applied after it was struck; that the Chevrolet was struck three times and knocked or pushed eastwardly 25 to 50 feet before the cars stopped.

Defendant's truck was equipped with emergency and hydraulic brakes. The hydraulic brake system has a master brake cylinder, which supplies the brake fluid through brake lines to the four wheel brake

cylinders, which operate the brakes on the particular wheel. This operates off the foot brake. Defendant's evidence established that a rubber cup of the right front wheel brake cylinder had deteriorated, given way and allowed the brake fluid to rush out upon pressing the foot brake pedal; that the only way to discover this condition was to pull the wheel off and check the brake cylinder and merely looking at the wheels and the brakes would give no indication of the situation; that the operator might have a good brake at one stop and no foot brake at the next stop, and the first warning of the situation would be when the foot brake failed to function, and that, from the brake fluid on the ground at the parking lot and the condition of the rubber cup, this was a sudden and not a slow leak of the brake fluid.

The foregoing sufficiently presents the facts for determining the correctness of defendant's sole cause instruction, which we quote:

"The Court instructs the jury that if you find from the evidence that at all times mentioned herein the defendant's employee was in the exercise of the highest degree of care in the driving and the operation of the International truck mentioned in evidence, and that defendant's employee was driving said truck eastwardly on Swope Parkway across Prospect Avenue and that thereafter as he was driving said truck he stepped upon the foot brake pedal and the pedal went to the floor-board and was inoperative and that by reason thereof defendant's employee was unable to slow or stop said truck and that said truck struck the rear of the automobile in which plaintiff was a passenger, and that the failure of said brakes to operate and to slow or stop said truck was the sole and proximate cause of said truck striking said automobile and of plaintiff's injuries, and that the collision and plaintiff's injuries, if any, were not due to any negligence on the part of defendant in any of the particulars set out in other instructions herein,

then plaintiff is not entitled to recover, and your verdict shall be in favor of the defendant."

■ Defendant stresses Boyce v. Donnellan, 237 Mo.App. 63, 168 S.W.2d 120, 123 (instruction No. 2), stating its instruction stands approved in that case. That case differs. There the defendant was driving Mr. Gross's car. He was seated on the front seat with defendant and a Mr. Johnson and plaintiff were seated on the rear seat. Defendant was an experienced driver but, so far as disclosed, she had never driven this particular car. After driving about seven miles, defendant turned to the left to pass the car ahead of her and while she was so turning the steering wheel locked, causing the automobile to run off the highway on the other side and injure plaintiff. In our case, plaintiff is suing the owner of the automobile involved, not its driver, and a primary duty rested upon defendant as owner with respect to the maintenance of the brakes of the automobile in proper condition that did not necessarily extend to an employee operating the automobile. Standard Oil Co. of Indiana v. Leaverton, 239 Mo.App. 284, 192 S.W.2d 681, 682[2]; Plannett v. McFall, Mo.App., 284 S.W. 850, 853[3, 4]; Virgil v. Riss & Co., Mo.App., 241 S.W.2d 96, 99[4]; Hanson v. Dalton Coal & Materials Co., Mo.App., 264 S.W. 2d 897, 902–904.

■ We have said a sole cause instruction must hypothesize a state of facts which would completely demonstrate a sole cause situation and exonerate the defendant of liability. Semar v. Kelly, 352 Mo. 157, 176 S.W.2d 289, 293; Long v. Mild, 347 Mo. 1002, 149 S.W.2d 853, 860. Independent of whether defendant's instruction is sufficient to exonerate defendant's employee of liability under defendant's case of Boyce v. Donnellan, supra, the sole cause portion of the instruction being directed to acts of defendant's employee, the instruction fails to hypothesize a state of facts demonstrat-

ing a sole cause situation which would exonerate defendant, the owner of the truck. See the Semar and Long cases, supra. Among the findings the facts of record called for was a finding to the effect that such failure of said brakes was not the result of any negligence on the part of defendant. See approved instruction No. 5 in Boresow v. Manzella, Mo., 330 S.W.2d 827, 829, and instruction No. 6 in Sollars v. Atchison, T. & S. F. R. Co., 239 Mo.App. 410, 187 S.W.2d 513, 515. Facts exonerating defendant's employee would not necessarily exonerate defendant under the record before us.

The point is also made that the evidence did not warrant the giving of a sole cause instruction. Lochmoeller v. Kiel, Mo. App., 137 S.W.2d 625, and Sams v. Adams Transfer & Storage Co., Mo., 234 S.W.2d 593, are cited by both parties, and plaintiff also cites Beezley v. Spiva, Mo., 313 S.W. 2d 691. We do not know what scope the evidence will take on a retrial and should not speculate on what facts may then be or not be in issue. The parties will no doubt consider the cases mentioned and others bearing on the issue. What we have said hereinbefore rules this appeal.

The order granting plaintiff a new trial is affirmed, and the cause is remanded.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the Court.

LEEDY, P. J., STORCKMAN and EAGER, JJ., and HUNTER, Special Judge, concur.