**Jerald L. KENDRICK, Plaintiff,**

**James Peters, John R. Vaughn, Darrell Scott and Michael Friend, Plaintiffs–Appellants,**

**v.**

**David H. BLAND, et al., Defendants–Appellees.**

Nos. 89–6548, 89–6549, 89–6571 and 89–6572.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 4, 1991.

Decided May 2, 1991.

Rehearing and Rehearing En Banc Denied in No. 89–6572 June 18, 1991.

See also 925 F.2d 1464.

James Allen Peters, Louisville, Ky., for Jerald L. Kendrick, et al. and James Allen Peters.

Barbara W. Jones, Connie V. Malone, Gary D. Payne, Office of Gen. Counsel Corrections Cabinet, Frankfort, Ky., for David H. Bland, et al.

John R. Vaughn, pro se.

Darrell Scott, pro se.

Michael Friend, pro se.

Before KENNEDY and NORRIS, Circuit Judges, and MILES, Senior District Judge.*

KENNEDY, Circuit Judge.

Plaintiffs appeal the District Court's order denying a motion to hold defendants in contempt for failing to comply with a consent decree issued in *Kendrick v. Bland,* 541 F.Supp. 21 (W.D.Ky.1981). For the following reasons, the District Court's denial is AFFIRMED in part and REVERSED in part, and REMANDED to the District Court.

Appellants, James Peters, John R. Vaughn, Darrell Scott and Michael Friend, are inmates at the Kentucky State Reformatory at LaGrange, Kentucky (KSR). This suit arises out of a consent decree entered into by the Commonwealth of Kentucky and a class of inmates at KSR and the Kentucky State Penitentiary in May, 1980. The District Court continued to monitor the conditions at the penitentiaries through enforcement of the consent decree until July, 1986, when it held an evidentiary hearing to determine whether the Commonwealth of Kentucky was in substantial compliance

* The Honorable Wendell A. Miles, Senior Judge, United States District Court for the Western District of Michigan, sitting by designation.

with the provisions of the decree. The court concluded that Kentucky was in substantial compliance, except for certain capital construction and renovation projects. The District Court therefore placed the case on its inactive docket, and issued an order stating that it would reinstate the case to its active docket only in the event that serious violations of the consent decree occurred. That case was appealed to this Court, which held that the District Court's decision to remove the case from its active docket was a "reasonable and efficient way to begin the process of ending 12 years of judicial supervision of the Kentucky prison system." *Smith v. Bland*, 856 F.2d 196 (6th Cir.1988) (unpublished per curiam).

Members of the plaintiff class subsequently moved for supplemental relief. They seek a contempt finding against the defendants for violations of the consent decree. Specifically, they claim that the defendants have violated the decree in the following ways: guard misconduct; failure to properly post the consent decree; violations of the fire safety plan; failure to properly classify inmates; failure to maintain the living skills program; failure to maintain the prison library; failure to maintain the vocational program; cancellation of self-help programs and clubs; tardiness in hiring a nutritionist; failure to maintain proper meal times; violations of due process; improper segregation; failure to provide access to courts; failure to properly train legal aides; failure to maintain the grievance procedure; failure to provide proper medical care; improper use of the informant system; improper cell searches; improper drug testing; and failure to employ public advocates.

The District Court held that according to its previous order, in order to show contempt and bring the case back to the court's active docket, the plaintiffs must show that there was an institution-wide failure to abide by the consent decree. Finding that the plaintiffs had provided evidence of only isolated instances of misconduct, the District Court dismissed the case. Plaintiffs appeal.

The appellants argue that the District Court's interpretation of its order is erroneous. In examining this case, the District Court interpreted the phrase "major violations of the consent decree" from its earlier order to mean institution-wide violations. The District Court's interpretation of its own order is certainly entitled to great deference. The interpretation is reasonable, and serves the purpose of the order itself in reducing the involvement of the court in this case except where the prison system as a whole fails to abide by the consent decree. Unfortunately there will often be individual violations of prison policy, but those do not constitute contempt on the part of the prison system, and are better addressed in alternative ways, such as through the prison grievance system or individual civil rights cases. As this Court held in an earlier appeal in this case, the District Court cannot continue to monitor the prisons of Kentucky in the close manner it has been. "In the context of the instant case, this 'policy of minimum intrusion' demands that judicial supervision over the Kentucky prison system should be as limited as possible and terminated as quickly as possible." *Smith*, 856 F.2d 196 (citing *Procunier v. Martinez*, 416 U.S. 396, 404, 94 S.Ct. 1800, 1807, 40 L.Ed.2d 224 (1974)). Instead, unless the appellants can show violations of the consent decree that are institution-wide, the remedy left to the appellants is a civil rights action, not a contempt claim. The District Court's interpretation of its own order was not improper.

Having determined that the District Court used a proper standard in evaluating the evidence presented by the appellants, the only issue before this Court is whether the District Court's factual findings were clearly erroneous. *See Kendrick v. Bland*, 740 F.2d 432, 436 (6th Cir.1984).

The District Court made specific findings that there was no evidence of contempt in any claims raised by the appellants. In reference to some of appellants' claims, the District Court found that although there was evidence of individual violations of the consent decree, none of those amounted to

institution-wide violations that constituted contempt. The District Court suggested that the appellants might have causes of action for civil rights violations under 42 U.S.C. § 1983 in some cases, although they did not amount to contempt. The District Court also found that some of the appellants' claims did not implicate any section of the consent decree.

The District Court concluded that some of the appellants' allegations, including failure to post copies of the decree (they were available at the prison library), failure to properly classify, failure to properly maintain the living skills, library and vocational programs, tardiness in hiring a nutritionist, failure to train inmate legal aides or to provide representation by the Office for Public Advocacy, failed to constitute any violation of the consent decree. Several of the appellants' allegations, such as the claim of improper urinalysis and use of informants, do not implicate the consent decree at all. The District Court found, however, that most of the appellants' allegations, such as guard misconduct, failure to follow fire safety procedures, cancellation of club activities, inadequate meal times, due process violations at adjustment committee hearings, inadequate services and facilities in segregation, inadequate access to the courts, and improper use of the grievance system, alleged isolated failure to comply with the consent decree, and did not amount to an institution-wide contempt of the decree. The District Court noted that even if some of appellants' allegations might constitute civil rights violations, they were individual instances that did not evidence contempt for the consent order.

■ The District Court also found that the appellants' allegations regarding medical care did not amount to contempt. The appellants allege that the lack of adequate medical care is widespread. Affidavits filed by several inmates recount their stories of delayed medical tests and lack of certain treatment. For example, inmate Jack Shields' records from a previous institution were not forwarded when he was transferred and there was delay in testing after his arrival. Although this and other affidavits indicate that the medical care provided at KSR is not exemplary, the complaints mostly amount to disagreement with the medical care received rather than a failure to provide medical care. The alleged mistreatment of a heart attack victim is troubling, but once again, it is not evidence of system-wide failure to provide proper medical care.

The District Courts' findings on all claims other than those which allege improper cell searches are supported by the record. This Court concludes that the District Court's determination that there were no serious violations of the consent decree in all other respects was not clearly erroneous.

The District Court's findings concerning the allegations of improper cell searches, however, are not supported by the record. The consent decree requires that, when available, the inmates be present if their cells are searched. The District Court found that cursory security checks of cells do not constitute searches because the intrusion on the inmate's privacy is minimal. Therefore, security checks are permissible without ascertaining the availability of the inmate. The District Court concluded that the appellants had not cited specific instances of consent decree violations. Because of the ambiguity in the term "available," and the confusion that arises because of the use of the word "search" in the affidavits without distinguishing whether it refers to a security check, or to a search that is intended to be covered by the consent decree, it is difficult to determine whether the plaintiffs cite specific violations. Appellants allege that "shakedowns" of cells, not simply security checks, were performed outside of the presence of the inmates on a regular basis, and several of the inmate's affidavits support that allegation. Appellants' allegations are not that individual inmates have experienced cell searches when they were not present, but that it is a normal practice within the facility. For example, inmate James Peters' affidavit indicates that his cell was searched while he was not present, and his personal letters were read by prison personnel. In response, the guard who en-

gaged in the search denies having actually read the mail, but admitted to searching Peters' cell and scanning his papers in search of evidence of illegal activity. Neither Peters nor the guard, however, indicate whether Peters was present during the search or whether he was available. Therefore, although it appears from both affidavits that Peters' cell was searched, it is impossible to tell whether that search violated the consent decree without knowing whether he was present or available. Several other inmates' affidavits allege searches, but do not indicate whether the inmate was available or unavailable.

■■ The District Court's distinction between a search of an inmate's belongings and a security check of the cell or dormitory is a reasonable interpretation of the consent decree. That portion of the District Court's opinion is therefore affirmed. We remand the case, however, in order for the District Court to provide a clarification of the consent decree's use of the word "available." In a certain sense all inmates are available since they are within the institution. In another sense, they may not be available if they are working in prison industries, in class rooms, at meals, etc. Without a clarification of what it means that an inmate be present during a search if "available," we are unable to properly review whether there have been any serious violations of the consent decree that amount to contempt. In light of the ambiguity of availability and the District Court's recently announced distinction between a search and a security check, the parties should be allowed to further develop the record on the cell search issue.

The District Court's findings as to cell searches is REMANDED for further clarification and development of the record. The District Court's findings as to all other allegations of consent decree violations are AFFIRMED.