944 F.2d 905
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerald L. KENDRICK, et al., Plaintiffs,
Michael Anthony Barnes, Plaintiff-Appellant,
v.
David H. BLAND, et al., Defendants-Appellees.
 No. 91-5147.
 United States Court of Appeals, Sixth Circuit.
 Sept. 12, 1991.
 
 1
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This is an appeal from the district court's denial of a motion by inmates of Kentucky's Luther Luckett Correctional Complex to intervene as members of the Kentucky State Penitentiary and Kentucky State Reformatory class of prisoners. Plaintiffs sought to hold the defendant prison officials in contempt for their failure to comply with a portion of the consent decree entered in Kendrick v. Bland, 541 F.Supp. 21 (W.D.Ky.1981).
 
 
 4
 The district court denied the motion to intervene. On appeal, the motion was recharacterized from one to intervene to one for "supplemental" relief. The brief on appeal reasserts the arguments made in the district court.
 
 
 5
 Initially, it is noted that from among the original ten plaintiffs, only Michael Barnes has signed the notice of appeal. No other appellant is named. The failure to name an appellant in a notice of appeal constitutes a failure to appeal. Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 (1988). Therefore, only Barnes remains as a party/appellant.
 
 
 6
 The denial of permissive intervention under Fed.R.Civ.P. 24(b) is not appealable unless there is an abuse of discretion. Brotherhood of R.R. Trainmen v. Baltimore & O.R.R., 331 U.S. 519, 524-25 (1947). The district court did not abuse its discretion. Barnes's complaint plainly fails to allege systemic violations of the consent decree entered in Kendrick v. Bland, 541 F.Supp. 21 (W.D.Ky.1981). This court recently attempted to make clear that a contempt citation under the consent decree would only issue if the defendants were shown to have systematically breached their agreed duty. Kendrick v. Bland, 931 F.2d 421, 423 (6th Cir.1991). The consent decree is fact specific and contains no general grant of rights to all Kentucky inmates. Furthermore, appellant does not argue on appeal that the district court abused its discretion. Instead, plaintiff attempts to change horses in mid-stream and call his motion to intervene a "motion for supplemental relief" apparently believing that the change in designation grants him automatic standing.
 
 
 7
 Plaintiff cannot show that violations of the consent decree are institution-wide. The remedy left to plaintiff is a civil rights action, not a contempt claim. Kendrick v. Bland, 931 F.2d at 423.
 
 
 8
 The district court did not abuse its discretion. Accordingly, the order of the district court should be affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation