962 F.2d 6
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
HIRSCH-CHEMIE LIMITED; Hirschscionics Limited; Hirsch
Cinemedic Corporation, Plaintiffs-Appellants,
v.
THE JOHNS HOPKINS UNIVERSITY, Defendant-Appellee.
 No. 91-2264.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 2, 1992
Decided: May 14, 1992
 
 Before HALL, Circuit Judge, KISER, United States District Judge for the Western District of Virginia, sitting by designation, and BLATT, Senior United States District Judge for the District of South Carolina, sitting by designation.
 Argued: Michael Robert Diamond, Goldfarb, Kaufman & O'Toole, Washington, D.C., for Appellants.
 Eileen S. Goldgeiger, Senior Staff Attorney General, The Johns Hopkins University, Baltimore, Maryland, for Appellee.
 On Brief: Jeffrey B. O'Toole, Goldfarb, Kaufman & O'Toole, Washington, D.C., for Appellants.
 Frederick G. Savage, Associate General Counsel, The Johns Hopkins University, Baltimore, Maryland, for Appellee.
 PER CURIAM:
 
 
 1
 Hirsch-Chemie Limited, Hirsch-Scionics Limited, and Hirsch Cinemedic Corporation (Hirsch) appeal the order of the district court granting summary judgment on the appellants' breach of contract claim against Johns Hopkins University. The district court's order, dated September 24, 1991, and filed September 25, 1991, directed the defendant Johns Hopkins, within thirty (30) days of the date of the order, to notify the court as to whether it intended to prosecute its counterclaim; the court's order was entered October 1, 1991. Hirsch filed an appeal on October 25, 1991, twenty-four (24) days from the date of entry of the district court's order.
 
 
 2
 The courts of appeal "have jurisdiction from all final decisions of the district courts," see 28 U.S.C. § 1291 (1988), and from a narrow class of "collateral orders" that would otherwise effectively destroy a party's rights and be practically unreviewable upon appeal from a final judgment. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 375 (1981); United States v. MacDonald, 435 U.S. 850, 860 (1978); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). The order filed on September 25, 1991, from which plaintiff appeals, is not a final order. It did not direct"that all relief be denied", but left the suit pending for further proceedings, either prosecution of defendant's counterclaim or entry of a final judgment.[1] See Tietz v. Local 10 of Intern. Ass'n of Bridge, Etc., 525 F.2d 688 (1975), citing
 
 
 3
 Jung v. K. & D. Mining Co., Inc., 356 U.S. 335 (1958); see also Fed.
 
 
 4
 R. Civ. P. 58.
 
 
 5
 This case does not involve any of the circumstances from which interlocutory appeals are allowed as a matter of right, nor has the dis trict court consented to an interlocutory appeal. See 28 U.S.C. § 1292 (1988). Thus, if the appeal is interlocutory, this court is without juris diction to consider it. See In re Cement Antitrust Litig., 673 F.2d
 
 
 6
 1020, 1026 (9th Cir. 1982), aff'd, 459 U.S. 1190 (1983).
 
 
 7
 Since the district court's order that is the subject of this appeal is not final and does not appear to fall within any exception to the rules requiring finality, this appeal is hereby dismissed.[2]
 
 DISMISSED
 
 
 [1]
 On October 2, 1991, seven days after the district court's order and prior to the running of the thirty day period in which the court directed the defen dant to notify the court whether it intended to pursue its counterclaim, the notation "Case closed" was entered. However, the case should not have been closed because the order was not a final disposition of all claims in the case since the thirty day period in the court's order had not yet expired
 
 
 [2]
 In light of our holding herein, we need not decide whether the defendant properly complied with the notification requirement in the district court's order in regard to the defendant's counterclaim and whether the time period ran from the date of the order, from the date filed, or from the date of entry. Instead, it is peculiarly within the province of the district court to determine the meaning of its own order. See, e.g., Home Port Rentals, Inc. v. Ruben, Nos. 91-2096, 91-2107 (4th Cir. Feb. 25, 1992) (Westlaw 1992 WL 32761), citing Kendrick v. Peters, 931 F.2d 421, 423 (6th Cir. 1991); Vaughns v. Board of Education, 758 F.2d 983, 989 (4th Cir. 1985)