86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Antoinette R. REED; Deborah N. Lara-Dixon, Plaintiffs-Appellants,
v.
FAMILY LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 94-4092.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1996.
 
 Before: SUHRHEINRICH and SILER, Circuit Judges; EDMUNDS, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs Antoinette Reed and Deborah Lara-Dixon filed an action in Ohio state court against Family Life Insurance Company each seeking to recover in excess of $300,000 in unpaid sales commissions. Defendant properly removed the case to federal district court based on diversity jurisdiction. See 28 U.S.C.A. § 1332(a) (West 1993) and 28 U.S.C.A. § 1441 (West 1994). Subsequently, the district court granted defendant's motion for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs appeal from this order.
 
 
 2
 Because we conclude that the district court misinterpreted a prior stipulation of dismissal in granting the Rule 12(b)(6) motion, the judgment is REVERSED and the case REMANDED.
 
 BACKGROUND
 
 3
 On May 14, 1993, Reed and Lara-Dixon filed separate breach of contract actions against defendant in the United States District Court for the Northern District of Ohio. Plaintiffs each sought to recover unpaid sales commissions allegedly owed. Both cases were consolidated before Chief Judge Lambros.
 
 
 4
 On March 7, 1994, pursuant to Fed.R.Civ.P. 41(a), the parties filed a stipulation of dismissal (the "Stipulation of Dismissal" or "Stipulation"). The Stipulation stated in relevant part:
 
 
 5
 (1) Plaintiffs' Complaint is dismissed without prejudice; provided, however, that if Plaintiffs do not refile on or before May 31, 1994, then the dismissal shall be with prejudice....
 
 
 6
 On May 31, 1994, plaintiffs jointly filed the instant action in Ohio state court. Their claims were substantially equivalent to those which had previously been dismissed. Defendant removed the case to the United States District Court for the Northern District of Ohio, whereupon it was assigned to Chief Judge Lambros. Defendant moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that plaintiffs' action was barred by the Stipulation. Plaintiffs filed no response.
 
 
 7
 The district court granted defendant's motion, interpreting the Stipulation to require plaintiffs to file any claims in the District Court for the Northern District of Ohio, not state court. The district court's opinion is based on (1) the plain meaning of the word "refile," and (2) the fact that the case was dismissed in anticipation of settlement and not to give plaintiffs a fresh start in another forum.
 
 ANALYSIS
 
 8
 On appeal, plaintiffs argue that the district court misinterpreted the Stipulation of Dismissal. This court reviews the dismissal of a case pursuant to Fed.R.Civ.P. 12(b)(6) de novo. Persian Galleries, Inc. v. Transcontinental Ins. Co., 38 F.3d 253, 258 (6th Cir.1994). Dismissal under Rule 12(b)(6) is appropriate only if there is no set of facts in the pleadings that would allow the plaintiff to recover. Id.; Wright v. MetroHealth Medical Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996).
 
 
 9
 The Stipulation states that plaintiffs' cause of action will be dismissed with prejudice if they fail to "refile" their complaint on or before March 31, 1994. The prefix "re" means "again" or "anew." Webster's Third New Int'l Dictionary 1888 (1986). The requirement that plaintiffs "file again" is satisfied if they file a second complaint, regardless of the court. We acknowledge that it may have been preferable to require plaintiffs to file their subsequent action in the District Court for the Northern District of Ohio in order to avoid the possibility of forum shopping or duplicative litigation. Nonetheless, the language of the Stipulation imposes only a temporal restriction and not a forum restriction.
 
 
 10
 Defendant contends that the district court's interpretation of the Stipulation should be accorded deference. It is true that reviewing courts typically defer to a lower court's interpretation of its own order. See, e.g., Kendrick v. Bland, 931 F.2d 421, 423 (6th Cir.1991); Farmhand, Inc. v. Anel Eng'g Indus., Inc., 693 F.2d 1140, 1146 (5th Cir.1982). Here, however, the parties agreed to dismiss the case pursuant to Fed.R.Civ.P. 41(a), which permits dismissal of an action without a court order if all parties agree. Because the Stipulation constitutes an agreement among the litigants and not an order of the court, deference would be inappropriate. In any event, as noted, the language is clear and unambiguous.
 
 CONCLUSION
 
 11
 For the foregoing reasons, the district court's dismissal is REVERSED and the case REMANDED for further proceedings.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation