Martin SLAGLE, Plaintiff-Appellant,

v.

Judithe SINGER and Elisha Dabney, De-
fendants-Respondents.

No. 52282.

Supreme Court of Missouri,
Division No. 1.

Oct 9, 1967.

Thompson, Walther & Shewmaker, Har-
old C. Gaebe, Jr., John W. Walbran, St.
Louis, for appellant.

Schwartz & Ely, Robert C. Ely, St. Louis,
for respondent.

SEILER, Judge.

Plaintiff's wife was fatally injured when plaintiff's car, driven by defendant Judithe Singer, who was a guest in the home of plaintiff and his wife, collided with a car driven by one Elisha Dabney. Plaintiff was not present in the accident. He sued both drivers for $25,000 for death of his wife. He submitted his case against defendant Singer on the proposition that after the rear end of his car had started to skid to the right while Mrs. Singer was driving in the southbound lane she turned to the left and drove on the wrong side of the road. He submitted against defendant Dabney (who was northbound on the east half of the road) on the proposition that Dabney failed to keep a proper lookout. Both Singer and Dabney submitted as a defense contributory negligence on the part of plaintiff in having tires on his car on which the tread "had worn down", thereby making the car dangerous to persons using it. Singer and Dabney also submitted counterclaims against plaintiff based on the alleged negligence with respect to the worn tires. Plaintiff pleaded and submitted contributory negligence by defendants Singer and Dabney, on the same grounds of negligence as set forth against them in his petition, as a defense to their respective counterclaims.

The jury found against plaintiff on his claims. They found against Defendant Singer on her counterclaim. They found for defendant Dabney on his counterclaim. The only appeal is by plaintiff from the judgment entered against him on his claim against defendant Singer.

We observe first that plaintiff makes no contention there was any lack of proximate cause shown between the worn tires and the collision. We observe further that while defendant Singer points out if plaintiff was negligent as to defendant Dabney (and there is a final judgment outstanding against plaintiff and in favor of defendant Dabney on his counterclaim), it would be inconsistent to say plaintiff was not contributorily negligent as to his own cause of action when his actions are exactly the same as to both defendants, defendant Singer does not urge this as decisive, and the sole issue presented by the parties is whether there was error in defendant Singer's instruction No. 5, on plaintiff's contributory negligence.

By stipulation the record before us consists of the testimony of plaintiff, defendant Judithe Singer, and portions of her deposition. Plaintiff, his wife, and their three children lived in Webster Groves. Their close friend, defendant Judithe Singer, and her two children came to stay with plaintiff and family for a few weeks while Mr. Singer was transferring jobs. Plaintiff had purchased a 1959 Volkswagen in July 1962, after he and his wife looked at and drove the car. The car then had about 30,000 miles on it and the tires were worn, although plaintiff did not think they were the original tires. He intended to purchase one or two new tires, but did not. The spare had good tread on it and plaintiff put it on the right front. The two tires on the rear were worn considerably more than the two in front. Plaintiff denied the right rear was bare of tread, but admitted it had "very, very little tread". This was the only car in the family and plaintiff used it five days a week to and from work, approximately 80 miles per day. He also had made a trip to Pennsylvania and two trips to southeast Missouri in the car and estimated he had put about 4750 miles on the car. Judging from the testimony of Mrs. Singer and statements of counsel in oral argument here, the tires were in the courtroom and shown to the jury. When Mrs. Singer saw the tires after the accident she described them as "slick, absolutely treadless, with the exception of one tire that had halfway decent tread on it."

The accident happened on Saturday, September 8, 1962. Plaintiff was at home. Someone brought in an advertising handbill and the women decided to see what bargains they could find at a discount department store on the other side of town.

Nothing was said in his presence about which one would drive and plaintiff did not see them leave, although he knew in general where they were going. Under the circumstances, it must have been obvious the trip would involve using the car. Earlier that morning Mrs. Singer had asked if she could use the car Sunday morning to go to church and plaintiff said yes. She had driven another car owned by plaintiff when the two families lived in Connecticut, where they first met and became friends, and plaintiff had no objection to her using or driving the car. He knew the two women had been out in the car together before. Mrs. Singer testified she usually drove and that *on the day of the accident the two women decided Mrs. Singer would drive.*

On the return from the shopping trip they were driving south on Lindbergh, a north-south four-lane street in St. Louis County, going between 30 and 35 miles per hour. It was raining, "medium intensity" and had been raining all day. They were in the west or right-hand lane, proceeding straight ahead. Without Mrs. Singer doing anything to cause it, the car started to slide, the front end going to the left and the rear end to the right, heading for the northbound lanes at a forty-five degree angle. Mrs. Singer said she made no movement of the steering wheel until they had crossed the center line and then she turned it left, very slightly, trying to bring the car under control (in doing this she relied on a magazine article about what to do in event of a skid. It was later shown that the article recommended turning right instead of left as the proper correction). The collision with the Dabney car occurred on the east half of the road, in the northbound lanes. It does not appear from the record how close the Dabney car was when the Slagle car crossed the divider, although Mrs. Singer said she saw some northbound traffic which she thought was about 200 to 300 feet away.

It is conceded that plaintiff said nothing to Mrs. Singer about the tires. Mrs.

Singer said she had driven the car 10 or 12 times before the accident without anything unusual occurring, that she had never really looked at the tires, that she had on previous occasions driven small cars in the rain on similar highways with no difficulty or skidding.

Instruction No. 5, copy of which bore the notation "[MAI 26.01 and 28.01 (modified)]", reads as follows:

"Your verdict must be for the defendant Judithe Singer on plaintiff's claim for damages whether or not Judithe Singer was negligent if you believe:

"First, plaintiff allowed and permitted Judithe Singer to drive the Volkswagen automobile, and

"Second, some of the tires on the automobile had worn down tread and the automobile was thereby dangerous to persons using it in the manner and for the purposes intended, and

"Third, plaintiff knew or by using ordinary care could have known of the dangerous condition, and

"Fourth, Judithe Singer did not know and by using ordinary care could not have known of the dangerous condition, and

"Fifth, plaintiff failed to warn Judithe Singer of such dangerous condition, and

"Sixth, plaintiff was thereby negligent, and caused or directly contributed to cause any damage plaintiff may have sustained."

The only attacks which plaintiff makes on it are these: first, that it "significantly and prejudicially" deviated from MAI 26.01 in that in paragraph First are used the words "allowed and permitted" instead of "furnished"; that these words are not particular as to time and thus the jury was not directed to find "who furnished

plaintiff's car to defendant"; that it may be that defendant drove the car by arrangement with the wife; second, that this change in wording "obfuscated" the jury's deliberations concerning the ultimate fact it should have been required to find, namely, to whom plaintiff's car was bailed, that the instruction did not require a finding the car was bailed to defendant, that the car was actually delivered to plaintiff's wife and she was as aware of the condition of the tires as he was, and, third, that the instruction erroneously required the jury to find that plaintiff knew or by the exercise of ordinary care could have known of the dangerous condition, whereas as a gratuitous bailor plaintiff had no such duty as to a gratuitous bailee or guest of the bailee.

We believe plaintiff misconceives his position and duty under the circumstances. Plaintiff, as the owner of the automobile, is subject to the rule that he is "* * * bound to use reasonable care to see that the tires are in proper condition for operation on the highway, and may be held liable for a collision or accident resulting from his failure to have his vehicle equipped with tires in reasonably safe and proper condition * * *" 8 Am.Jur.2d, Automobiles and Highway Traffic, pp. 253–254.

■ See also Standard Oil Co. of Indiana v. Leaverton, 239 Mo.App. 284, 192 S.W.2d 681, 682, where the court said:

" * * * The law imposed upon defendants as owners of the automobile the duty to exercise ordinary care to see to it that when permitted by them to be operated over the public highways and other parts of the city, the automobile was not so defective that such operation would thereby endanger the property and persons of third parties. * * *" Accord: Vogelgesang v. Waelder, (Mo.App.) 238 S.W.2d 849, 854; Spelky v. Kissel-Skiles Co., (Mo.App.) 54 S.W.2d 761, 762–763.

"The determinative factor in rendering the owner or operator of a motor vehicle liable for injuries sustained in an accident as a result of the defective condition of the tires is usually the knowledge of the owner or operator, express or implied, of the condition of the tires * * *" 8 Am. Jur.2d, Automobiles and Highway Traffic, p. 254. There can be no question but that there was ample evidence in the case at bar from which the jury could find that plaintiff knew, or by the exercise of ordinary care, could have known of the defective condition of the tires.

■ Plaintiff also seems to overlook the well established rule that in an action by the surviving spouse for the alleged wrongful death of the other, negligence by the surviving spouse in his individual capacity which proximately contributes to the injury and death is sufficient to bar recovery, Dye v. Geier, (Mo.Sup.) 345 S.W.2d 83, 86, and authorities there cited. A somewhat comparable situation involving a defective automobile is found in Stafford v. Freightways, Inc. (D.C.W.D.Mo.) 117 F.Supp. 903, 908, where a mother was held barred by her contributory negligence for recovery for death of one child and loss of services of two others, the court saying:

"In this case, the mother of the children involved in the accident was negligent. During the long night she was being driven around in a worn out and an unfit automobile * * *. She knew the hazards inherent in the automobile wherein she was a passenger and in which she placed her children * * *"

■ Here plaintiff as owner of the car had it within his power to keep the car with its unsafe tires off the street in wet weather. Instead, he let his wife and their friend take the car to go shopping. As it turned out his wife and third parties were injured because the car skidded out of control on wet pavement due to the slick tires. The effect of plaintiff's contributory negli-

gence in letting the car be used under these circumstances is not lessened, no matter whether he "bailed" the car to his wife or Mrs. Singer, or both, or whether he furnished it to them, permitted them to use it, loaned it, or however it is described.

■ It is thus seen that MAI 26.01 is not, under the facts of this case, an applicable instruction which, under rule 70.01(b), must be given to the exclusion of any other on the same subject, so that we need not consider the effect of using the words "allowed and permitted" instead of "furnished" as if we were dealing with an MAI instruction which must be given to the exclusion of any other. MAI 26.01, as its language connotes and as the Committee's comment indicates, Missouri Approved Jury Instructions, pp. 214–215, relates to suppliers of chattels for a business purpose. The Committee points out that the pattern instruction "covers only one area and will merely serve as a guide where the substantive law requires that other issues be submitted". Rule 70.01(e) provides for modifications of MAI where necessary to submit the issues fairly in a particular case or where there is no applicable MAI. Here there was no applicable MAI and so this is not an example of an unnecessary deviation from a required instruction. Defendant Singer submitted a modification of MAI 26.01 which meets the requirements of being simple, brief, impartial, free from argument and not submitting detailed evidentiary facts. We do not believe instruction No. 5 is susceptible to the particular attacks plaintiff makes against it and therefore overrule plaintiff's contentions and affirm the judgment.

Judgment affirmed.

HENLEY, P. J., and HOLMAN, J., concur.

STORCKMAN, J., not sitting when cause was submitted.