Jeralee A. TIETZ, Appellant,

v.

LOCAL 10 OF the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL AND ORNAMENTAL IRON WORKERS, Appellee.

No. 75–1459.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 22, 1975.

Decided Nov. 17, 1975.

Martin M. Bauman of Dale, Flynn, Bauman & Liles, St. Joseph, Mo., filed brief for appellant.

Robert E. Funk, Jr., Kansas City, Kan., filed brief for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

* Honorable James Harvey, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

## ORDER DISMISSING APPEAL

On May 15, 1975, the district court dismissed the Title VII complaint of Jeralee Tietz.[1] The order stated that it was "without prejudice to plaintiff's right, should she seek to do so, to file an amended complaint within fifteen (15) days * * *." Plaintiff did not amend her complaint. On May 30, without further action by the district court, she filed a notice of appeal. Both parties have filed briefs on the merits.

However, we are compelled to notice a lack of jurisdiction *sua sponte.* The order of May 15, from which plaintiff appeals, is not a final order. "It did not direct 'that all relief be denied' (Rule 58 of Federal Rules of Civil Procedure) but left the suit pending for further proceedings 'either by amendment of the [complaint] or entry of a final judgment' * * *." *Jung v. K. & D. Mining Co., Inc.,* 356 U.S. 335, 337, 78 S.Ct. 764, 766, 2 L.Ed.2d 806 (1958) (per curiam); *see Western Electric Co. v. Pacent Reproduction Co.,* 37 F.2d 14 (2d Cir. 1930).

Since the district court's order that is the subject of this appeal is not final and since it does not appear that this case is within any exception to the rule requiring finality, this appeal must be and is hereby dismissed.[2]

Each party shall bear its own costs of this appeal.

1. Plaintiff alleged that defendant-Union had discriminated against her because of her sex in violation of Title VII. Her complaint requested only compensatory and punitive damages. The district court judge ruled that neither compensatory nor punitive damages are authorized by Title VII. The prayers for damages were therefore stricken from the complaint. Since no other form of relief was requested, the complaint was dismissed. However, the order of dismissal does permit amendment of the complaint to seek such other relief as is available. *See* 42 U.S.C. § 2000e–5(g). Be-cause we are without jurisdiction, we express no opinion on the merits of this appeal.

2. Plaintiff Tietz does attempt to raise an important issue in this appeal. Assuming that plaintiff does amend her complaint and the case proceeds to trial, the district court should permit plaintiff to protect the record with offers of proof to support the claim that plaintiff has suffered damages in addition to loss of earnings and that the conduct of the Union was so egregious as to entitle her to punitive damages.