# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2018

_____

Heather Wilkinson,                *
                                  *
         Appellant,           *
                                  *   Appeal from the United States
     v.                      *   District Court for the
                                  *   Western District of Missouri.
Jacob Allen Shackelford;      *
Michelin North America, Inc.,  *
                                  *
         Appellees.           *

_____

Submitted: January 12, 2007
Filed: February 28, 2007

_____

Before LOKEN, Chief Judge, BYE and SHEPHERD, Circuit Judges.

_____

BYE, Circuit Judge.

Heather Wilkinson appeals the denial of her motion to remand her action to Missouri state court, which the district court denied on the ground she fraudulently joined a fellow Missouri resident, Jacob Allen Shackelford, in her tire tread failure suit against Michelin North America, Inc. (Michelin) in order to defeat federal diversity jurisdiction. After concluding Shackelford had been fraudulently joined, the district court dismissed the claim against him. Wilkinson also appeals the order denying her the right to amend her complaint against Shackelford. We reverse with instructions to reinstate the claim against Shackelford and remand this case to state court.

I

On March 22, 2004, Wilkinson was driving a 1990 Chevrolet truck owned by Shackelford. The truck was equipped with a B.F. Goodrich-Tri Gard, All Terrain T/A Baja Champion brand radial tire manufactured by Michelin (actually manufactured by a corporate predecessor-in-interest for whose products Michelin accepted responsibility as part of a corporate merger/acquisition). Wilkinson was driving the truck on U.S. Highway 50 in Jackson County, Missouri, when the rear passenger side tire failed. The truck went out of control and overturned. Wilkinson suffered severe injuries in the rollover, including multiple pelvic fractures, multiple spinal fractures, and a closed head injury.

Wilkinson brought suit against Shackelford and Michelin in Missouri state court. She alleged four causes of action against Michelin which sounded in strict liability, strict liability for failure to warn, breach of implied warranty, and negligence. The complaint alleged in part the rear passenger side "tire was defective and unreasonably dangerous when put to a reasonably anticipated use." App. 18. She alleged one cause of action against Shackelford sounding in negligence. The relevant allegations against Shackelford were:

> 10. Prior to March 22, 2004, Defendant Shackelford gained possession of the tires and placed them on a motor vehicle, a 1990 Chevrolet truck of which he was the owner. At that time, Defendant Shackelford knew that the tires had been previously used.
>
> . . .
>
> 49. Defendant Shackelford knew that Plaintiff needed a safe means of transportation for a trip beginning in Johnson County, Missouri, that would result in travel outside of Johnson County, Missouri; and that the route would include use of a highway, and highway speeds. He loaned said truck to Plaintiff for the purpose of transportation of said trip,

realizing that Plaintiff would travel in said truck at typical highway speeds.

50.  At all times material hereto, Defendant Shackelford had a duty to the users of the truck, including Plaintiff, to exercise ordinary and reasonable care for the user's safety.  Additionally, Defendant Shackelford owed duties to:

> (a) warn Plaintiff of the characteristics and of the dangers and risks associated with the use of the tires on the truck on a highway;
> (b) supply tires and other equipment on the truck that were capable of and adequately suited for the purpose of operating the truck on a highway in a safe condition without the tire tread separating from the tire;
> (c) service and supply the truck with adequate tires;
> (d) take steps to learn of the condition and dangers of the tires on the truck when permitting Plaintiff to use the truck.
>
> . . .

52.  Defendant Shackelford breached his duties and was negligent in the following respects:

> (a) failing to warn Plaintiff of the dangers of the truck and the tires, or of the potential danger of the tires;
> (b) failing to supply the truck with adequate and safe tires;
> (c) failing to warn of the danger of driving the truck with said tires on a highway;
> (d) failing to warn of the danger of driving the truck with said tires at typical highway speeds;
> (e) failing to take steps to learn of the condition and dangers of the truck, including the tires, when permitting Plaintiff to use the truck.

Id. at 16, 24-25.

-3-

Michelin removed the action to federal district court claiming complete diversity existed between itself and Wilkinson and Shackelford had been fraudulently joined to destroy jurisdiction. Wilkinson moved to remand the case to state court, arguing the allegations in her complaint were sufficient to state a claim against Shackelford in that he was negligent in failing to adequately inspect the tires on the truck, in failing to warn her about the danger of using the tires at highway speeds, and in providing the truck to her for use on the highway with inadequate and defective tires. She cited a number of Missouri cases which supported the existence of a cause of action against Shackelford for furnishing a vehicle with defective tires. See Slagle v. Singer, 419 S.W.2d 9, 12 (Mo. 1967); see also Gifford v. Bogey Hills Golf & Country Club, Inc., 426 S.W.2d 98, 101 (Mo. 1968) (involving defective brakes); Standard Oil Co. of Ind. v. Leaverton, 192 S.W.2d 681, 682 (Mo. Ct. App. 1946) (same).

Michelin opposed the motion to remand, arguing the allegations against Shackelford were a failed attempt to allege a "Supplying a Dangerous Instrumentality" claim under Missouri law. Michelin argued the missing part of the Wilkinson's complaint was an allegation Shackelford "knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied." App. 50. Shackelford also opposed the motion, contending the only allegation against him was that he "placed the tires on his vehicle and that he 'knew the tires were used.'" Id. at 61-62 (misquoting ¶ 10 of Wilkinson's complaint). Shackelford argued the complaint failed to allege any facts showing he had actual or constructive knowledge the tread would separate from the tire. Shackelford asked that he be dismissed from the suit based on the complaint's failure to state a claim against him.

The district court denied Wilkinson's motion to remand, stating she "alleges only that defendant Shackelford placed the tires on the vehicle and 'knew the tires were used.'" Wilkinson v. Michelin N. Am., Inc., No. 05-0968-CV-W-FJG, 2005 WL 3132327, at *1 (W.D. Mo. Nov. 22, 2005) (quoting Shackelford's Memorandum

-4-

opposing the motion to remand). The district court concluded this allegation was insufficient to show Shackelford "knew or somehow should have known of the allegedly defective condition of the tires." Id. Concluding Shackelford had been fraudulently joined to destroy diversity jurisdiction, the district court dismissed the claim against Shackelford.

A week later, Wilkinson filed a motion to amend the complaint under Rule 15(a) of the Federal Rules of Civil Procedure seeking to join (or rejoin) Shackelford as a defendant. The amended complaint contained the following supplemental allegations against Shackelford:

> 10. Prior to March 22, 2004, Defendant Shackelford gained possession of the tires and placed them on a motor vehicle, a 1990 Chevrolet truck of which he was the owner. At that time, Defendant Shackelford knew that the tires had been previously used, and he had knowledge from the open and obvious condition of the tires that they were worn and in such poor condition that they were unsafe for use on the truck on public highways at typical highway speeds.
>
> . . .
>
> 49. Defendant Shackelford knew that Plaintiff needed a safe means of transportation for a trip beginning in Johnson County, Missouri, that would result in travel outside of Johnson County, Missouri; and that the route would include use of a highway, and highway speeds. He loaned said truck to Plaintiff for the purpose of transportation on said trip, realizing that Plaintiff would travel in said truck at typical highway speeds and realizing that the tires on his truck were so worn, and in such poor condition, that they were unsafe for use on the truck on public highways at typical highway speeds.

App. 115, 123.

Wilkinson contended her original complaint was sufficient to state a cause of action against Shackelford, but because she had not "persuasively communicated her position" to the district court, she was moving to amend the complaint to fix the deficiencies the defendants claimed existed. Two days later, she filed an alternative motion to amend or alter the order denying her motion to remand. Simultaneously with this motion, she lodged the amended complaint containing the supplemental allegations against Shackelford. Wilkinson argued she should be allowed to amend her complaint *without* leave of court because Michelin had not yet filed a responsive pleading to her original complaint. She further contended, assuming she had the right to amend without leave of court, the order denying the motion to remand would have to be altered to allow remand because her cause of action against Shackelford destroyed diversity jurisdiction.

Michelin opposed both the motion to amend the complaint and the motion to alter or amend the order denying the motion to remand. Michelin argued Wilkinson should not be allowed a "do-over" simply by inserting into the complaint what the district court initially found missing. With respect to her right to file an amended complaint without leave of court, Michelin noted Shackelford – the party against whom the pleadings were sought to be amended – had already filed a responsive pleading while the action was still in Missouri state court, and thus she should not be allowed to amend without leave of court.

The district court denied both the motion to amend the complaint and the motion to alter/amend the order denying the motion to remand. With respect to Wilkinson's right to file an amended complaint without leave of court, the district court said:

> [T]he Court finds that the proposed amendment, reasserting claims
> against a Missouri defendant who has already been dismissed by order
> of the Court, is not the type of amendment that can be made as of right.
> As noted by defendant Michelin, the conflict between Rule 15(a) and 28

U.S.C. § 1447(e)[1] is generally resolved by Courts "concluding that they have authority to deny joinder under Rule 15(a) notwithstanding the plaintiff's right under that rule."

Wilkinson v. Michelin, No. 05-0968-CV-W-FJG, 2006 WL 743169, at *1 (W.D. Mo. March 20, 2006) (quoting Brcka v. St. Paul Travelers Cos., Inc., 366 F. Supp. 2d 850, 853 (S.D. Iowa 2005)).

With respect to Wilkinson's motion for leave to file an amended complaint, the district court said:

> Furthermore, plaintiff's motion for leave to amend . . . should be DENIED. Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), the Court finds that justice does not require granting leave to amend to add a previously dismissed party whose presence would destroy diversity jurisdiction.

Id. at *2.

The same day the district court denied her motions, Wilkinson voluntarily dismissed her remaining claims against Michelin without prejudice pursuant to Federal Rule of Civil Procedure 41(a). She then filed a timely notice of appeal challenging the district court's denial of her motion to remand and dismissal of Shackelford and, in the alternative, challenging the district court's refusal to allow her to amend her complaint against Shackelford or accept the amended pleading without requiring leave of court.

---

[1]28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

## II

Before discussing the issues raised by Wilkinson, we address Michelin's jurisdictional challenge. The district court's dismissal of the claim against Shackelford only resolved part of the case and did not result in a final judgment. Michelin argues she could not "manipulate" the dismissal of the claim against Shackelford into a final appealable order by voluntarily dismissing the claim against Michelin under Rule 41(a), contending she could only get appellate review by seeking and obtaining certification under Federal Rule of Civil Procedure 54(b).

Michelin's position is inconsistent with the law in the Eighth Circuit. See State of Mo. ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1105-06 (8th Cir. 1999) (concluding, in a multiple defendant case, a voluntary dismissal of a remaining defendant without prejudice under Rule 41(a) renders immediately appealable a previous order dismissing other defendants); Johnston v. Cartwright, 344 F.2d 773, 774 (8th Cir. 1965) (concluding, in a multiple defendant case, a Rule 54(b) certification was not necessary to render final and appealable an order dismissing one defendant after the appellant sought and obtained leave to dismiss the case against two other defendants without prejudice).

Michelin relies primarily on decisions from other circuits which are not binding on this court, but cites four Eighth Circuit decisions which merit further discussion: Madsen v. Audrain Health Care, Inc., 297 F.3d 694, 697-98 (8th Cir. 2002); Minnesota Pet Breeders, Inc. v. Schell & Kampeter, Inc., 41 F.3d 1242, 1245 (8th Cir. 1994); DuBose v. State of Minnesota, 893 F.2d 169, 171 (8th Cir. 1990); and Tietz v. Local 10 of the International Ass'n of Bridge Workers, 525 F.2d 688, 689 (8th Cir. 1975). These cases all involved plaintiffs with multiple claims against a single defendant who attempted to dismiss some claims to appeal the dismissal of other claims.

This is not a single defendant/multiple claim case of the type involved in Madsen, Minnesota Pet Breeders, DuBose, and Tietz. This is a multiple defendant case where Wilkinson dismissed without prejudice her claims against one defendant in order to appeal the dismissal of the claim against the other defendant. This case is therefore governed by Coeur D'Alene. As we explained there, the multiple-claim/single-defendant cases "further the well-entrenched policy which bars a plaintiff from splitting its claims against a defendant. But this policy does not extend to requiring a plaintiff to join multiple defendants in a single lawsuit, so the policy is not violated when a plaintiff 'unjoins' multiple defendants through a voluntary dismissal without prejudice." 164 F.3d at 1106. Thus, we have jurisdiction over this appeal.

III

Wilkinson first challenges the denial of her motion to remand the case to Missouri state court, which the district court denied on the ground Shackelford had been fraudulently joined to destroy diversity jurisdiction.[2] Whether a plaintiff has fraudulently joined a party to defeat diversity jurisdiction is a question of subject matter jurisdiction we review de novo. Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1004 (8th Cir. 2006). We review a fraudulent joinder challenge to determine "whether there is arguably a reasonable basis for predicting that the state law might

---

[2]Michelin claims we lack jurisdiction over this issue because Wilkinson did not refer to the order denying the motion to remand in her notice of appeal. We disagree. Wilkinson's Appeal Information Form A, filed the same day as the notice of appeal, specifically identified the first issue on appeal as whether the district court erred in dismissing the claim against Shackelford on the ground of fraudulent joinder. App. 226. In determining the scope of the appeal, we "can rely both on the notice of appeal and appeal information form." Burgess v. Suzuki Motor Co., Ltd., 71 F.3d 304, 307 (8th Cir. 1995); see also ELCA Enters. v. Sisco Equip.Rental & Sales, 53 F.3d 186, 189 (8th Cir. 1995) ("If Form A is filed within the thirty days permitted for the notice of appeal, however, we find that it can adequately supplement or amend the notice of appeal so as to vest this court with jurisdiction to address a particular order.").

impose liability based upon the facts involved." <u>Filla v. Norfolk S. Ry.</u>, 336 F.3d 806, 811 (8th Cir. 2003). The district court was "required to resolve all doubts about federal jurisdiction in favor of remand." <u>Transit Cas. Co. v. Certain Underwriters at Lloyd's of London</u>, 119 F.3d 619, 625 (8th Cir. 1996).

In this case, we have no difficulty predicting Missouri might impose liability based upon the facts involved. As Wilkinson aptly contends, Missouri recognizes a cause of action for furnishing a vehicle with defective tires to another. <u>See</u> <u>Slagle</u>, 419 S.W.2d at 12 ("[T]he owner of the automobile, is subject to the rule that he is . . . bound to use reasonable care to see that the tires are in proper condition for operation on the highway, and may be held liable for a collision or accident resulting from his failure to have his vehicle equipped with tires in reasonably safe and proper condition." (citation omitted)). Wilkinson's original complaint alleges Shackelford was the owner of the truck, placed the tires on the truck, and knew the tires were used. It further alleges the tire which failed was defective and unreasonably dangerous when put to a reasonably anticipated use, and Shackelford was negligent by "failing to take steps to learn of the condition and dangers of the truck, including the tires, when permitting Plaintiff to use the truck." App. at 26. These allegations are sufficient to state a cause of action of the type recognized in <u>Slagle</u>.

Michelin contends the fatal flaw in Wilkinson's original complaint is its failure to allege "Shackelford knew or had reason to know that the tire was dangerous, which is a necessary prerequisite under Missouri law for holding a bailor of an allegedly dangerous product liable." Michelin's Br. at 20. In support of this claim, Michelin contends the claim against Shackelford is one that must arise under the Restatement (Second) of Torts § 388, which consists of three elements, one of which is "the supplier . . . knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied."

-10-

Even assuming Wilkinson's claim should be pigeonholed as one which must arise under the Restatement (Second) of Torts § 388, her original complaint pleaded sufficient facts to establish the disputed element of a § 388 claim. Specifically, the original complaint alleged Shackelford was negligent by "failing to take steps to learn of the condition and dangers of the truck, including the tires, when permitting Plaintiff to use the truck." App. 26. We see no material difference between alleging an owner of a vehicle failed to take steps to learn of the condition of tires which are allegedly defective and unreasonably dangerous, and alleging an owner of a vehicle should have reason to know the chattel is or is likely to be dangerous for the use for which it is supplied. In other words, an owner who fails to inspect or take steps to learn of the condition of a defective chattel should know of the dangerous (or likely dangerous) condition of the chattel.

We find it significant Michelin never argues Wilkinson *could not* state a claim against Shackelford under the facts present in this case, only that she *did not* do so in her original complaint. The relevant inquiry in analyzing fraudulent joinder, however, focuses only on whether a plaintiff "might" have a "colorable" claim under state law against a fellow resident, Menz, 440 F.3d at 1005, not on the artfulness of the pleadings. A joinder is fraudulent only "when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Id. at 1004 (citations omitted); see also Greenshields v. Warren Petroleum Corp., 248 F.2d 61, 65 (10th Cir. 1957) ("[A]ll doubts arising from defective, ambiguous and inartful pleadings [in a removed case] should be resolved in favor of the retention of state court jurisdiction."). The facts as alleged in Wilkinson's original complaint indicate there is a reasonable basis for believing Missouri might impose liability against Shackelford, which is all that is required to defeat a fraudulent joinder challenge.[3]

---

[3]Indeed, Shackelford's insurance carrier, American Standard Insurance Company of Wisconsin, appears to have recognized the viability of Wilkinson's claim against its insured. Two days before the district court denied Wilkinson's motion to amend her complaint, Wilkinson entered into a settlement agreement with

-11-

Because we conclude the district court erred in determining Shackelford was fraudulently joined, we do not address whether the district court abused its discretion in denying Wilkinson's motion to amend her complaint or the claim she had to file an amended complaint without leave of court.

IV

We reverse the district court's order dismissing the claim against Shackelford and return this case to the district court with instructions to remand it to state court.[4]

_____

Shackelford, funded by American Standard. Under the settlement agreement, Wilkinson immediately received $25,000 from the insurer in exchange for waiving the right to enforce any judgment ultimately obtained against Shackelford that might exceed $50,000, the limit of Shackelford's liability coverage. App. 176-82.

[4]Wilkinson could have requested an interlocutory appeal immediately following the denial of her motion to remand, but did not. After Shackelford was dismissed, diversity jurisdiction existed with respect to the remaining claims against Michelin, meaning the judgment dismissing those claims without prejudice was properly entered. See St. Jude Med., Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 594 (8th Cir. 2000) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 76-78 (1996)). As a consequence, our instructions to remand pertain only to what is left of the case – the issue whether Michelin can be brought back into this case is a matter for the state court to resolve.

-12-