CLEARY, Chief Judge
In this appeal from the judgment entered on October 22, 2018, appellants seek review of a May 30, 2018 order that dismissed all of appellants' claims except the claim for an accounting. Subsequently, the parties filed a stipulation to dismiss the remaining claim for an accounting without prejudice to "facilitate entry of a final judgment and Plaintiffs' prompt appeal of the Court's May 30, 2018 Order." In an October 19, 2018 order, the district court dismissed the accounting claim without prejudice pursuant to the stipulation and directed entry of judgment. In the order, the district court noted the apparent inconsistency between caselaw disfavoring appeals of partial judgments and the parties' ability to obtain appellate review of what was previously a nonfinal judgment by stipulating to dismiss any remaining claims without prejudice.
We questioned whether the stipulation to dismiss the remaining accounting claim without prejudice constituted an improper attempt to create appellate jurisdiction over the May 30, 2018 nonfinal dismissal order. The parties filed informal memoranda. In their memorandum, appellants clarified that they do not intend to pursue the *61 accounting claim after this appeal is resolved.
DECISION
The basic thrust of the rules governing the appellate process is that appeals should not be brought or considered piecemeal. Emme v. C.O.M.B., Inc. , 418 N.W.2d 176, 179 (Minn. 1988). The general rule that the whole case must be decided in a single appeal "preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice." Microsoft Corp. v. Baker , --- U.S. ----, 137 S.Ct. 1702, 1712, 198 L.Ed.2d 132 (2017).
The district court may direct entry of a final judgment as to one or more, but fewer than all, of the claims if it determines that there is no just reason for delay. Minn. R. Civ. P. 54.02. An appeal may be taken from a final judgment or from a partial judgment entered pursuant to Minn. R. Civ. P. 54.02. Minn. R. Civ. App. P. 103.03(a).
" Rule 54.02 is intended to reduce piecemeal appeals by limiting appeals from judgments that resolve only part of the litigation," and to "liberalize the appellate process for parties who might be prejudiced by waiting to appeal a decision where other claims or liabilities are yet to be decided." T. A. Schifsky & Sons, Inc. v. Bahr Constr., LLC , 773 N.W.2d 783, 787 (Minn. 2009). The appellate courts apply an abuse-of-discretion standard of review to the district court's decision to certify a partial judgment for immediate appeal under Minn. R. Civ. P. 54.02. Contractors Edge, Inc. v. City of Mankato , 863 N.W.2d 765, 769 (Minn. 2015). When a district court abuses its discretion in certifying an order as a final partial judgment, the resulting judgment is not final and is not immediately appealable. Id. at 775.
In this case, the parties did not request that the district court direct entry of a final partial judgment on the May 30, 2018 order to allow an interlocutory appeal under Minn. R. Civ. App. P. 103.03(a) before adjudication of the remaining accounting claim. Instead, the parties stipulated to dismissal of the accounting claim without prejudice under Minn. R. Civ. P. 41.01(a)(2). Because no claims remained for the district court's determination after the parties stipulated to dismissal of the accounting claim, we address whether the October 22, 2018 judgment could be deemed a final, appealable judgment, even though the accounting claim was dismissed without prejudice.
Our supreme court has not addressed whether a party may make a partial judgment immediately appealable by voluntary dismissal of remaining claims without prejudice under Minn. R. Civ. P. 41.01. Because Minn. R. Civ. P. 54.02 is similar to Fed. R. Civ. P. 54(b), it is appropriate to refer to the federal caselaw. See Schifsky , 773 N.W.2d at 787 n.3.
The federal courts have taken varying approaches to the question of whether a party may create finality through dismissal without prejudice of remaining claims. In the Fifth Circuit, it is a settled rule that appellate jurisdiction over a nonfinal order cannot be created by dismissing the remaining claims without prejudice. Ryan v. Occidental Petroleum Corp. , 577 F.2d 298, 300 (5th Cir. 1978).
The Second, Tenth, and Eleventh Circuits have adopted the Fifth Circuit's Ryan rule. The Eleventh Circuit Court of Appeals declined to reconsider the Ryan rule because abrogation of the rule would subvert rule 54(b) and result in the parties, not the district courts, controlling what interim orders are appealed and when. State Treasurer of Mich. v. Barry , 168 F.3d 8, 14 (11th Cir. 1999). The court noted *62 that although the district court may have nothing further to do after a stipulation of dismissal without prejudice is filed, the litigation has not been terminated on the merits because the stipulation is not an adverse final ruling to either party. Id. ; see also Chappelle v. Beacon Commc'ns. Corp. , 84 F.3d 652, 654 (2d Cir. 1996) (agreeing with courts that have precluded appeal from partial dismissal when balance of claims were dismissed without prejudice pursuant to rule 41(a)); Cook v. Rocky Mountain Bank Note Co. , 974 F.2d 147, 148 (10th Cir. 1992) (agreeing with Fifth Circuit's reasoning in Ryan that plaintiff cannot be allowed to undermine requirements of rule 54(b) by seeking voluntary dismissal of remaining claims and then appealing claims dismissed with prejudice).
Some federal circuits have declined to follow Ryan 's brightline rule. See Doe v. United States , 513 F.3d 1348, 1353 (Fed. Cir. 2008) (collecting cases). The Eighth Circuit Court of Appeals, for example, has taken a flexible approach. The court has held that a dismissal without prejudice, coupled with intent to refile voluntarily dismissed claims after an appeal of an otherwise interlocutory order, is a clear evasion of the judicial and statutory limits on appellate jurisdiction. Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc. , 198 F.3d 685, 688 (8th Cir. 1999). But the court concluded that it still has jurisdiction over such an appeal. Id. at 689. The court further held that it has discretion to reverse a district court's grant of voluntary dismissal or to deem an ambiguous voluntary dismissal to be with prejudice. Id. at 689-90.
The Eighth Circuit has distinguished between a voluntary dismissal of all claims against one defendant without prejudice under Fed. R. Civ. P. 41(a) and a voluntary dismissal of some claims against a single defendant without prejudice where plaintiff seeks to appeal the dismissal of other claims. Wilkinson v. Shackelford , 478 F.3d 957, 962 (8th Cir. 2007). The policy which bars a plaintiff from splitting its claims against a defendant does not extend to requiring a plaintiff to join multiple defendants in a single lawsuit, so the policy is not violated when a plaintiff "unjoins" multiple defendants through a voluntary dismissal without prejudice. Id.
This case involves plaintiffs with multiple claims against the same defendants, who stipulated to voluntary dismissal of one remaining claim without prejudice so that plaintiffs could appeal the dismissal of other claims. In their informal memorandum, appellants have assured this court that they do not intend to pursue the accounting claim that was dismissed without prejudice after the conclusion of this appeal. To ensure that this appeal is taken from a judgment that is truly final, we will deem the dismissal of the accounting claim to be with prejudice. See Minn. Pet Breeders, Inc. v. Schell & Kampeter, Inc. , 41 F.3d 1242, 1245 (8th Cir. 1994) (assuming jurisdiction over appeal but deeming dismissal of the remaining claims to be with prejudice).
Although we accept jurisdiction over this appeal in accordance with the Eighth Circuit Court of Appeals's more flexible approach to voluntary dismissals without prejudice, we emphasize that generally, parties should apply to the district court for an order directing entry of a final partial judgment under Minn. R. Civ. P. 54.02 if there are compelling reasons to justify an interlocutory appeal. We will not allow parties to circumvent the requirements of Minn. R. Civ. P. 54.02 by dismissing the remaining claims against the same defendant without prejudice.
Appeal to proceed.