# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3177[1]

_____

In re: Municipal Stormwater Pond Coordinated Litigation.

------------------------------

City of Burnsville, Minnesota; City of Eden Prairie, Minnesota; City of Maple Grove, Minnesota; City of White Bear Lake, Minnesota; City of Minnetonka, Minnesota; City of Bloomington, Minnesota; City of Golden Valley, Minnesota; City of Eagan, Minnesota; City of Apple Valley, Minnesota; City of Saint Cloud, Minnesota; City of Inver Grove Heights, Minnesota,

*Plaintiffs - Appellants*,

v.

Koppers, Inc.; Ruetgers Canada, Inc., now known as Rain Carbon Canada Inc; Stella-Jones Corp.; Coopers Creek Chemical Corporation; Lone Star Specialty Products, LLC; Beazer East,

*Defendants - Appellees*,

_____

Appeals from United States District Court
for the District of Minnesota

_____

---

[1]Together with Nos. 21-3179, 21-3181, 21-3182, 21-3183, 21-3185, 21-3186, 21-3187, 21-3191, 21-3193, 21-3194, 21-3287, 21-3292, 21-3300, 21-3302, 21-3303, 21-3304, 21-3305, 21-3307, 21-3308, 21-3309, 21-3311, 21-3312, 21-3313, 21-3315, 21-3316, 21-3317, 21-3318, 21-3320, 21-3323, 21-3324, 21-3325, and 21-3326.

Submitted: October 18, 2022
Filed: July 19, 2023
_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Several cities in Minnesota allege that a chemical in refined coal tar that was used in pavement sealants contaminated their stormwater ponds. They filed an action seeking damages from refiners and manufacturers of the tar. The "refiner" defendants take raw coal tar and refine it into a product used by the "manufacturer" defendants to create pavement sealants. The district court dismissed all of the claims against the refiners, and dismissed all but three of the claims against the manufacturers.

In an effort to pursue an appeal with claims still pending in the district court, the Cities moved under Federal Rule of Civil Procedure 54(b) for entry of final judgment against the refiners. The district court, however, denied the motion because the Cities had not "demonstrated a danger of hardship or injustice through delay which would be alleviated by immediate appeal." R. Doc. 330, at 2 (internal quotation omitted).

The Cities then entered into an agreement with the manufacturers. This agreement provided that the Cities would conditionally dismiss their claims against the manufacturers. The condition was that if this court were to reverse the district court's dismissal of the claims against the refiners, then the Cities would "reinstate" their claims against the manufacturers, and the statute of limitations would be tolled to allow such a reinstatement. The Cities then appealed the district court's decision dismissing claims against the refiners, and some of the refiners cross-appealed.

-2-

We conclude that this conditional dismissal of the Cities' claims against the manufacturers does not create a final decision under 28 U.S.C. § 1291. We therefore dismiss the appeal for lack of jurisdiction.

I.

The Cities filed this action in December 2018. They alleged claims of product liability, negligence, breach of implied warranty of merchantability, trespass, nuisance, and fraud against thirteen defendants. The district court narrowed the case through a series of orders. The court then dismissed all of the Cities' claims against the refiners and several claims against the manufacturers. But claims against four manufacturers alleging product liability and negligence remained unresolved, so there was no final decision that allowed the Cities to appeal the dismissals.

After the litigation proceeded for another thirteen months, the Cities moved for an entry of final judgment on their claims against the refiners under Rule 54(b). According to the Cities, they had learned that the manufacturers "were not in a position to proceed with the scheduled settlement conference," so they sought a final judgment on their claims against the refiners to "simplify and streamline the case." The district court denied the motion because the Cities had not shown a hardship or injustice that would be alleviated by an immediate appeal.

The Cities then sought to create a final decision by voluntarily and conditionally dismissing claims against the manufacturers after reaching an agreement that would toll the statute of limitations. This tolling agreement provided that the claims against the manufacturers would be "voluntarily dismissed, subject to reinstatement only if Plaintiffs are successful in an appeal to the Eighth Circuit Court of Appeals." The agreement defined a successful appeal as a decision "remanding on orders on a motion to dismiss or motion to reconsider, and a finding by the Eighth Circuit Court of Appeals or the United States District Court of Minnesota that

-3-

Plaintiffs may assert claims against the Refiner Defendants." The Cities agreed that if they did not prevail in their appeal, then they would "unconditionally release and forever discharge" the manufacturers.

Consistent with the agreement, the Cities voluntarily dismissed their claims against the manufacturers under Civil Rule 41(a)(1)(A)(ii). The notice of voluntary dismissal states that the manufacturer defendants "are voluntarily dismissed from this action pursuant to the terms of the Tolling Agreement attached hereto as Exhibit 1." The district court then entered a final judgment on the claims against the refiners. The Cities appeal, and assert that this court has jurisdiction to review the dismissals under 28 U.S.C. § 1291.

## II.

We must examine our appellate jurisdiction even if the parties do not raise the issue. This court has jurisdiction over "final decisions of the district courts" and certain enumerated interlocutory decisions that are not applicable here. 28 U.S.C. § 1291. The longstanding requirement that appellate courts may review only final decisions is designed to "save the expense and delays of repeated appeals in the same suit, and to have the whole case and every matter in controversy in it decided in a single appeal." *McLish v. Roff*, 141 U.S. 661, 665-66 (1891). This rule affords due respect to district courts and prevents the wasting of judicial resources in piecemeal appeals. *Richardson-Merrell, Inc v. Koller*, 472 U.S. 424, 430 (1985). The final judgment rule, in short, is "crucial to the efficient administration of justice." *Flanagan v. United States*, 465 U.S. 259, 264 (1984).

This court repeatedly has expressed concern about attempts to circumvent the final judgment rule. *Clos v. Corr. Corp. of Am.*, 597 F.3d 925, 928 (8th Cir. 2010). We declined, for example, to recognize a final decision under § 1291 where a plaintiff and defendant agreed that a dismissed claim would be "reinstated" if the plaintiff

prevailed on appeal of a district court's order dismissing other claims. *Id*. So too, where a consent judgment allowed for dismissed claims to "spring back to life" if an appeal was successful, we declined to consider the judgment final. *Ruppert v. Principal Life Ins. Co.*, 705 F.3d 839, 842 (8th Cir. 2013).

The parties suggest that this case is different because it involves multiple defendants. It is true that a plaintiff may create a final decision on the dismissal of claims against one defendant by unconditionally dismissing claims against a second defendant. *Wilkinson v. Shackelford*, 478 F.3d 957, 962 (8th Cir. 2007). While a plaintiff may not be able to create a final judgment by splitting claims made against a single defendant, the policy against claim-splitting "does not extend to requiring a plaintiff to join multiple defendants in a single lawsuit." *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). An unconditional dismissal of a second defendant simply "leaves the action in the same posture as if suit had never been brought against the dismissed defendant." *Id*.

Different considerations apply, however, where a plaintiff joins multiple defendants and then seeks to manufacture a final judgment by conditionally dismissing claims against certain defendants. A conditional dismissal does not leave the action "in the same posture as if suit had never been brought against the dismissed defendant." *Id*. Instead, a conditional dismissal effectively leaves claims pending in the district court, and allows the plaintiff to avoid the usual consequences of a dismissal.

An unconditional dismissal comes at a cost. The dismissed claims must be re-filed in a different action. The plaintiff must bear the risk that a later action will be barred by a statute of limitations, a defense of laches, or an assertion of applicable preclusion rules. *See Rowland v. S. Health Partners, Inc.*, 4 F.4th 422, 428 (6th Cir. 2021); *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1066 (9th Cir. 2002). The

conditional dismissal in this case, by contrast, represents an effort to secure a "risk-free means of obtaining piece-meal review." *Rowland*, 4 F.4th at 428.

The conditional finality arranged by the Cities and the manufacturers also presents a circularity problem. This court may assume jurisdiction over an appeal only if a district court's decision is final. But we cannot know whether the decision here is final until we know whether the claims against the manufacturers are dismissed. And whether those claims are dismissed turns on how the putative appeal is resolved—assuming the court of appeals has jurisdiction in the first place. This circularity frustrates the ability of an appellate court to determine "*at the time of appeal* whether a final, litigation-ending decision has been entered." *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658, 660 (6th Cir. 2013).

The concern that the parties are attempting to manipulate appellate jurisdiction is heightened when they have "engineered an end-run around the procedures specified in Rule 54(b)." *James*, 283 F.3d at 1067. Rule 54(b) authorizes a district court to enter a final judgment as to one or more, but fewer than all, parties only if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). The rule was promulgated "to avoid the possible injustice that might result if judgment of a distinctly separate claim were delayed until adjudication of the entire case." *Page v. Preisser*, 585 F.2d 336, 339 (8th Cir. 1978). But here, the district court ruled that delay presented no such injustice, and that ordinary rules of finality should apply. If the Cities could then create a final decision through a conditional dismissal, "it would render this entire framework meaningless, as litigants could easily sidestep the Rule 54(b) process and obtain an immediate appeal any time the court entered final judgment on a single claim." *Rowland*, 4 F.4th at 427.

We thus agree with other circuits that the form of conditional dismissal presented here does not create a final decision. *See West v. Louisville Gas & Elec. Co.*, 920 F.3d 499, 505 (7th Cir. 2019) (a voluntary dismissal of all claims against one

defendant conditioned upon the plaintiff's success on appeal of his claims against another defendant did not create a final judgment); *JTC Petrol. Co. v. Piasa Motor Fuels, Inc.*, 190 F.3d 775, 776 (7th Cir. 1999) (a dismissal of claims against one defendant with "express leave to reinstate" those claims depending upon the appeal's outcome did not create a final judgment); *Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1077 (9th Cir. 1994) (when "the parties stipulated to revive the dismissed claims in the event of reversal on appeal," the claims in essence "remained in the district court," and there was no final judgment).

The dissent suggests that the dismissal is not really conditional, because the district court might not allow the Cities to reinstate their dismissed claims in the event of a reversal. But the federal rules allow amendment of a complaint with the opposing party's consent, Fed. R. Civ. P. 15(a)(2), and the manufacturers have consented in advance to reinstatement of the claims. Even the dissent does not suggest, moreover, that it would be impermissible for the district court to grant an unopposed motion to reinstate the claims against manufacturers under Civil Rule 60(b)(6) or otherwise. The whole purpose of pairing the voluntary dismissal with the tolling agreement was to provide for reinstatement of the claims in the event of reversal—that is, to make the dismissal conditional. This court's only power to prevent the manipulation of appellate jurisdiction is a rigorous application of the final judgment requirement. As in *West*, where the parties followed the same approach of combining a voluntary dismissal under Rule 41(a)(1)(A)(ii) with a tolling and standstill agreement, we conclude that "the conditional nature of the dismissal of the claims . . . negates the requisite finality of the judgment." 920 F.3d at 505.

For these reasons, we dismiss the appeal and cross-appeal for lack of jurisdiction. The motion to hold one cross-appeal in abeyance is denied as moot.

KELLY, Circuit Judge, dissenting.

I share the court's concern about the parties' transparent efforts to circumvent the final decision rule in this case. See 28 U.S.C. § 1291. But our precedent establishes that we nonetheless have jurisdiction over this appeal. See Barzilay v. Barzilay, 536 F.3d 844, 849 (8th Cir. 2008) ("Federal courts have a virtually unflagging obligation to exercise the jurisdiction given them." (cleaned up) (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976))). Because the court concludes otherwise, I respectfully dissent. I do so, however, not because I disagree with the proposition that a conditional dismissal of unresolved claims fails to create an appealable final decision. Rather, I believe we have jurisdiction here because, by operation of the Federal Rules of Civil Procedure, the Cities' dismissal of their pending claims against the remaining manufacturer-defendants was not, in fact, conditional. And any private agreement between the parties claiming something to the contrary is not binding on this court—or on the district court if the case were to be remanded.

As the court explains, the Cities initially alleged multiple claims against several refiners and manufacturers involved in the production of coal-tar-based pavement sealants. The Cities voluntarily dismissed three refiner-defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). The district court dismissed three other refiners for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). And the Cities' claims against the remaining refiners were dismissed for failure to state a claim. See Fed. R. Civ. P. 12(b)(6).

At that point, the Cities still had unresolved claims against four manufacturers. Those manufacturers and the Cities then filed a "Notice of

Voluntary Dismissal" under Rule 41(a)(1)(A)(ii)[2] informing the district court that the four remaining defendants were being "voluntarily dismissed from th[e] action pursuant to the terms of" an attached "Tolling Agreement." That Tolling Agreement—which the district court did not adopt or endorse—stated that the Cities' pending claims against the manufacturers would be "voluntarily dismissed, subject to reinstatement" if the Cities were "successful in an appeal" to this court. Once the manufacturers were dismissed from the case, there were no claims left for the district court to address. The district court thus entered a final judgment on the claims against the refiners that it had previously dismissed under Rule 12(b). The Cities now appeal that final judgment.

This court has said on several occasions that parties to a lawsuit may do what the Cities did here—that is, "expedite appellate review" of previously dismissed claims by voluntarily dismissing other claims that remain pending. Helm Fin. Corp. v. MNVA R.R., 212 F.3d 1076, 1080 (8th Cir. 2000) (explaining that a plaintiff's "voluntary dismissal of its remaining claims . . . in effect made" an otherwise interlocutory summary judgment order "a final judgment for purposes of appeal"); see Hope v. Klabal, 457 F.3d 784, 790 (8th Cir. 2006) ("[W]e conclude that the voluntary [stipulated] dismissal of the remaining claims made the two earlier summary judgment orders final for purposes of this appeal."); Missouri ex rel. Nixon, 164 F.3d at 1106 (concluding that a voluntary dismissal of a remaining defendant under Rule 41(a)(1) "normally makes a prior interlocutory dismissal order final and appealable"); Chrysler Motors Corp. v. Thomas Auto Co., 939 F.2d 538, 540 (8th Cir. 1991) (noting that a joint stipulation of dismissal filed under Rule 41(a)(1) had "[t]he effect of" making a partial grant of summary

---

[2]Rule 41(a)(1)(A)(ii) provides that a plaintiff "may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." The "Notice of Voluntary Dismissal" was signed by the Cities' counsel as well as counsel for each of the remaining manufacturer-defendants.

judgment "a final judgment for purposes of appeal"). And in this circuit, "the voluntary dismissal can be without prejudice."[3] Helm, 212 F.3d at 1080; see Wilkinson, 478 F.3d at 962 (finding jurisdiction where the plaintiff "dismissed without prejudice her claims against one defendant in order to appeal the dismissal of the claim against the other defendant"); Great Rivers Coop. of Se. Iowa v. Farmland Indus., Inc., 198 F.3d 685, 689 (8th Cir. 1999) ("A dismissal without prejudice can be an appealable final order.").

Accordingly, that the Cities voluntarily dismissed by stipulation their remaining claims against the manufacturers without prejudice to expedite our review of the district court's earlier dismissal of their claims against the refiners does not, standing alone, strip us of appellate jurisdiction. See Hope, 457 F.3d at 788–90; Chrysler Motors Corp., 939 F.2d at 540. Perhaps this "dismissal-without-prejudice tactic" is simply a bald attempt "to evade the statute limiting our appellate jurisdiction to the review of final orders." Fairbrook Leasing, Inc. v. Mesaba Aviation, Inc., 519 F.3d 421, 425 n.4 (8th Cir. 2008). But even if it is, we are not at liberty to disregard our prior cases. See Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel."); see also Great Rivers Coop., 198 F.3d at 689 ("[W]hile we have no more desire to permit 'manufactured

_____

[3]The Seventh and Ninth Circuits, in contrast, have held that a voluntary dismissal of pending claims ordinarily creates an appealable final decision only if the claims are dismissed *with prejudice*. See Chessie Logistics Co. v. Krinos Holdings, Inc., 867 F.3d 852, 856 (7th Cir. 2017); Galaza v. Wolf, 954 F.3d 1267, 1270 (9th Cir. 2020). For this reason, I think cases from these two circuits are of limited value here. See, e.g., JTC Petrol. Co., 190 F.3d at 776 (acknowledging that the Eighth Circuit is not one of the circuits where a dismissal of claims must be with prejudice in order to be "a final decision within the meaning of 28 U.S.C. § 1291").

interlocutory appeals' than our sister circuits, we find no authority in § 1291 to decide that some 'final decisions' are appealable but others are not.").

The court suggests that this case is more akin to our decisions in Clos and Ruppert, both of which involved attempts by parties "to manufacture appellate jurisdiction by crafting a stipulation" that "tied the fate" of the plaintiff's remaining claims to the outcome of an appeal. Clos, 597 F.3d at 928; see Ruppert, 705 F.3d at 842–43. We concluded in both cases that we lacked appellate jurisdiction. But Clos and Ruppert are distinguishable from this case in one crucial respect—in Clos and Ruppert, *the district court* played some role in helping the parties circumvent the final decision rule. See Clos, 597 F.3d at 928–29 (concluding that *the district court* abused its discretion by certifying the case for interlocutory appeal under Rule 54(b) "without adequate explanation"); Ruppert, 705 F.3d at 841–42 (finding a lack of jurisdiction because "*the district court* entered a consent judgment" that would have allowed for the plaintiff's claims "to spring back to life" on remand if he prevailed on appeal (emphasis added)). And the dismissal of claims at issue in several of the other cases the court cites similarly received a district court's imprimatur in some fashion. See, e.g., Rowland, 4 F.4th at 424–25 (noting that "the district court entered an order dismissing" the claims at issue "without prejudice" pursuant to Rule 41(a)(2)); James, 283 F.3d at 1066 ("[The plaintiff's] dismissal was pursuant to court order under Rule 41(a)(2)."); JTC Petrol. Co., 190 F.3d at 776 (involving a dismissal of claims without prejudice "with express leave" from the district court "to reinstate" them on remand); Dannenberg, 16 F.3d at 1074 (involving a conditional dismissal of claims via a stipulation between the parties that "[t]he district court approved").

In this case, in contrast, the district court played no role in the dismissal without prejudice. Instead, the Cities' unresolved claims against the manufacturers were dismissed by way of a "stipulation of dismissal" under Rule 41(a)(1)(A)(ii), which expressly allows for the voluntary dismissal of claims

-11-

"without a court order." This type of dismissal is "effective automatically" upon filing and "does not require judicial approval," and "[t]he reason for the dismissal is irrelevant" to its validity. Adams v. USAA Cas. Ins. Co., 863 F.3d 1069, 1078, 1080 (8th Cir. 2017) (quoting Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984)); see Great Rivers Coop., 198 F.3d at 689 (describing a Rule 41(a)(1) stipulation as "a form of dismissal that is an unconditional right of the parties which contains no exceptions that call for the exercise of judicial discretion by any court" (cleaned up)). As a result, the Cities' claims against the manufacturers were dismissed from the case below as soon as the parties filed their "Notice of Voluntary Dismissal." Indeed, the parties' use of the word "notice" rather than "motion" indicates that they understood the immediate effect of their joint stipulation. And because that stipulation was self-effectuating, the district court never had an opportunity to address the propriety of the terms of the parties' Tolling Agreement.

That the parties' Tolling Agreement was not reviewed—let alone sanctioned—by the district court raises an important question: What effect, if any, does the Agreement have on this appeal? The court says that, because of the Agreement, the Cities' claims against the manufacturers, in effect, remain pending in the district court. But a "stipulation of dismissal" under Rule 41(a)(1)(A)(ii) results in just that—a dismissal. See Adams, 863 F.3d at 1078 ("Rule 41(a)(1) means what it says."). And nothing in the Rule's text permits parties to negotiate another result. The court further suggests that the Agreement would require the Cities' claims against the manufacturers to be revived on remand if we were to reverse the dismissal of the claims against the refiners. But it is unclear why that is so. In my view, the district court would be under no obligation to reinstate claims that were voluntarily dismissed under Rule 41(a)(1)(A)(ii) pursuant to a private Tolling Agreement that the district court did not adopt, or even mention, in its final dismissal order. Cf. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82 (1994) (indicating that if parties to a suit "*wish* to provide for the

-12-

[district] court's enforcement of a dismissal-producing settlement agreement," the agreement must be incorporated into a court order).

Moreover, at oral argument, the Cities struggled to identify the precise procedural mechanism by which they could assert on remand their purported right to reinstate their claims against the manufacturers. This court has explained that a party can seek to undo a Rule 41(a)(1)(A)(ii) stipulated dismissal under Rule 60(b),[4] but that Rule "authorizes relief in only the most exceptional of cases." White v. Nat'l Football League, 756 F.3d 585, 595–96 (8th Cir. 2014) (quoting In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 496 F.3d 863, 866 (8th Cir. 2007)). On a remand, the Cities would likely have a difficult time convincing the district court that their voluntary, coordinated effort to expedite appellate review by way of the Tolling Agreement warrants such "extraordinary relief."[5] See Williams v. York, 891 F.3d 701, 706 (8th Cir. 2018) (quoting Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008)).

_____

[4]Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for" six enumerated reasons. See White, 756 F.3d at 595 (concluding that "a stipulated dismissal constitutes a 'judgment' under Rule 60(b)").

[5]The court concludes that the Cities' voluntary dismissal of their claims against the manufacturers was "conditional" in part because those claims could be reinstated on remand if the manufacturers consented to an amendment of the complaint, see Fed. R. Civ. P. 15(a)(2), or if the district court granted the Cities relief from their "Notice of Voluntary Dismissal" under Rule 60(b). But both options would remain available to the Cities under the federal rules with or without the Tolling Agreement. Perhaps the court is right to describe what the parties have done here as a "manipulation of appellate jurisdiction." But if the parties had not filed the details of their Tolling Agreement on the district court docket, we would never have known of their efforts to keep the claims alive on remand and, as a result, would have had no reason for questioning our jurisdiction. As unpalatable as the parties' tactic may be to the court, I am not convinced that it deprives us of jurisdiction to hear this appeal.

-13-

In sum, I believe the parties' "stipulation of dismissal" under Rule 41(a)(1)(A)(ii), which dismissed the remainder of the Cities' pending claims in the district court, created a final decision for purposes of appellate jurisdiction. See Hope, 457 F.3d at 790 ("After the voluntary dismissal, there was nothing left for the district court to resolve, . . . thereby creating a final judgment."). The Cities may believe that their Tolling Agreement with the manufacturers will allow them to reinstate those dismissed-without-prejudice claims on remand if they prevail in this court. But the Federal Rules of Civil Procedure and our precedent—not the parties' expectations—govern this case. See Rowland, 4 F.4th at 433 (Moore, J., dissenting) ("Wishes and intent alone do not make legal realities."). We should reach the merits of this appeal. And whatever the outcome, perhaps this case will at least be a reminder to litigants that voluntarily dismissing pending claims without prejudice by stipulation for the purpose of expediting appellate review of previously dismissed claims is not consequence-free.

_____