# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2809

_____

Keith Jones

*Plaintiff - Appellant*

v.

City of St. Louis, Missouri, a Municipal Corporation and a political subdivision of the State of Missouri

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 9, 2014
Filed: May 23, 2014
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Keith Jones, an African-American electrician employed by the Facilities Management Division of the City of St. Louis (City), brought a suit in 2012 against the City under 42 U.S.C. § 1983 and Title VII, claiming that he suffered race-based harassment, race discrimination, and retaliation. The district court dismissed the

complaint for failure to state a claim, and Jones appeals. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

We review de novo the district court's dismissal of the complaint for failure to state a claim. See Bradley v. Timberland Resources v. Bradley Lumber Co., 712 F.3d 401, 406 (8th Cir. 2013) (standard of review). Although a complaint must contain sufficient factual allegations to state a plausible claim, see Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009), an employment-discrimination complaint need not contain specific facts establishing a prima facie case to survive a motion to dismiss for failure to state a claim, see Swierkiewicz v. Sorema, 534 U.S. 506, 510-12 (2002) (prima facie model is evidentiary standard, not pleading requirement). Rather, Jones needed only to assert facts that affirmatively and plausibly suggested that he had the right that he claimed, "rather than facts that [were] merely consistent with such a right." See Gregory v. Dillards, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc).

Jones noted in his complaint that he had filed a charge of discrimination with the Missouri Commission on Human Rights and the Equal Opportunity Commission in July 2009. In support of his claims, he made the following allegations, among others.

In January 2009, Jones was charged with falsifying a time record, failing to respond to an emergency call, and receiving overtime pay for work not performed. The City sought to terminate his employment based on the charges, but the Board of Public Service determined the charges to be unfounded. Jones suffered emotional distress, and missed four months of work. When he returned, he gave the City a release from his health-care provider, but his supervisor refused to accept it. Then, for the period ending June 2009, Jones received annual-review ratings of "unsuccessful" and was placed on an improvement plan for 13 weeks with a 10% reduction in salary. The following year, in July 2010, Jones briefly passed out from heat exhaustion while operating a City-owned vehicle. His supervisor rejected a

physician's health release for Jones and ordered Jones to submit to a fit-for-duty examination. He also restricted Jones's duties, reassigned him to the warehouse, and required him to submit to a second fit-for-duty examination. The City's Civil Service Commission eventually returned Jones to his electrician job, but only after he spent six months in the warehouse, during which time he suffered a loss of overtime pay.

Jones claimed that he was treated "unlike" and "unequal" to similarly situated white individuals. He alleged that white individuals who were on call for emergencies were not subjected to the same level of scrutiny and review as he had been regarding responses to emergency calls, and although his supervisor would not accept the health release that Jones tendered upon his four-month absence, the City accepted physician's statements from white electricians. With respect to the performance evaluation, Jones alleged that he had been treated unlike similarly situated white individuals--and in retaliation for complaining of the City's discriminatory conduct--in that he had received no prior feedback, warnings, or counseling, and no evidence or supporting facts regarding his performance were cited. With respect to the incident where he passed out, he alleged that the City treated him unlike similarly situated white individuals--and again, in retaliation for his discrimination complaints--because white individuals who had been in accidents in City-owned vehicles, and white individuals in Jones's division who were unable to perform the essential functions of electrician, were not required by the City to undergo fit-for-duty examinations.

We conclude that Jones failed to state a section 1983 claim, because he did not allege that the acts at issue occurred as a result of a City policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978) (local government body may be held liable under § 1983 only if alleged unconstitutional conduct implements official policy or custom). We also find that he failed to state a Title VII claim for harassment, because the alleged facts do not indicate that Jones was subjected to severe or pervasive acts. See Iqbal, 556 U.S. at 678 (complaint must contain

sufficient factual matter to state claim plausible on its face); cf. Eliserio v. United Steelworkers of Am. Local 310, 398 F.3d 1071, 1076 (8th Cir. 2005) (employer violates Title VII based on hostile work environment if workplace is permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter employment conditions and create abusive working environment).

We conclude, however, that Jones stated a Title VII claim for discrimination. He alleged that he suffered adverse employment actions with tangible negative consequences and that similarly situated white individuals were treated more favorably than he regarding overtime pay, emergency calls, physicians' statements, performance reviews, and fit-for-duty examinations. We also conclude that Jones sufficiently stated a Title VII claim for retaliation, because he alleged that the City gave him negative performance ratings and a temporary pay cut and forced him to undergo fit-for-duty examinations and work in a less desirable warehouse assignment, this in retaliation against him for his opposition to the City's discriminatory actions, which he had expressed in his July 2009 charge of discrimination. See 42 U.S.C. § 2000e-3(a).

Accordingly, we reverse and remand for further proceedings on Jones's Title VII claims of race discrimination and retaliation. In all other respects, the judgment is affirmed.

_____