# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1696

_____

Rosalind M. Cross

*Plaintiff - Appellant*

v.

David S. Ferriero, Archivist of the United States

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: October 7, 2014
Filed: October 10, 2014
[Unpublished]

_____

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Rosalind Cross appeals the district court's[1] dismissal of her claims against her employer, David Ferriero, Archivist of the United States, National Archives and

_____

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

Records Administration, brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. After careful review, see Bradley Timberland Resources v. Bradley Lumber Co., 712 F.3d 401, 406 (8th Cir. 2013) (de novo review of dismissal for failure to state claim); Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (de novo review of dismissal for failure to exhaust), we find that Cross failed to exhaust her claims of retaliation based on her nonselection for an analyst position and based on the handling of her EEO complaints, see 29 C.F.R. § 1614.105(a)(1) (federal employee must initiate contact with EEO counselor within 45 days of the date of the alleged discriminatory matter); Wilkie v. Dep't of Health & Human Servs., 638 F.3d 944, 949 (8th Cir. 2011) (Title VII plaintiff must exhaust administrative remedies before bringing discrimination claims); and that Cross's remaining allegations of retaliation--that her application was posted for coworker review and that she was charged for an EEO transcript--failed to state a claim under Title VII, see AuBuchon v. Geithner, 743 F.3d 638, 644 (8th Cir. 2014) (adverse employment action must be material, not trivial, and must produce some injury or harm); Betz v. Chertoff, 578 F.3d 929, 937 (8th Cir. 2009) (plaintiff alleging Title VII retaliation claim must show participation in protected activity, adverse action, and causal relationship between two). Accordingly, we affirm. See 8th Cir. R. 47B.

_____