BEAM, Circuit Judge,
dissenting.
The Department of the Interior has litigated Blomker’s sexual harassment and retaliation action as though it was being decided on a motion for summary judgment rather than based upon the Rule *1061 12(b) dismissal motion before the court. The district court continued this course of action, and in my view, improvidently dismissed the case. Accordingly, I respectfully dissent.
We review de novo a district court’s dismissal of a complaint based upon Rule 12(b)(6), granting all reasonable inferences in favor of the nonmoving party. Bradley Timberland Res. v. Bradley Lumber Co., 712 F.3d 401, 406 (8th Cir. 2013). To establish the elements of a sexual harassment claim based on a hostile environment, a plaintiff must show that: (1) she belongs to a protected group; (2) she was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). Furthermore, Title VII makes it an unlawful employment practice for an employer to discriminate against its employees for opposing any unlawful employment practice. 42 U.S.C. §2000e-3(a); Guimaraes v. Supervalu, Inc., 674 F.3d 962, 977 (8th Cir. 2012). We apply the retaliation provisions of § 2000e-3(a) broadly to cover opposition to employment actions that are not unlawful, as long as the employee acted with a good faith, objectively reasonable belief that the practices were unlawful. Guimar-aes, 674 F.3d at 977-78.
At this stage of the proceedings, Blomker has satisfied her burden to plausibly plead hostile environment sexual harassment and retaliation. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (standard). Blomker plausibly alleges that she was subject to unwelcome sexual advances and other harassing conduct by the offending coworkers. These allegations are sufficient at the motion-to-dismiss level. In its briefing, the Department cites us no sexual harassment cases that were dismissed at the Rule 12(b)(6) stage, and the court’s citation to a few mostly unpublished opinions from our “sister” circuits and district courts does not convince me that Rule 12(b) dismissal was appropriate in this particular case. And the suggestion that dismissal is appropriate because none of the incidents involve “actual touching” or conduct “definitively sexual in nature,” ante at 1058, is both legally unsupportable and sets a dangerous precedent for sexual harassment plaintiffs. See, e.g., Tang v. Citizens Bank, N.A., 821 F.3d 206, 216-17 (1st Cir. 2016) (noting that sexually harassing conduct need not involve physical touching or conduct that is overtly sexual in nature);[7] Hall v. Gus Constr, Co., 842 F.2d 1010, 1014 (8th Cir. 1988) (seminal case from our circuit setting forth the standard that conduct need not be “sexual in nature” in order to support a sexual harassment claim).
With regard to retaliation, Blomker clearly engaged in protected activity by filing EEO complaints within her department and by filing this action. She was denied a pay raise, suspended, and ultimately terminated within months of filing this action in federal court. The district court found that she did not state a claim because she could not establish causation. This was a premature determination on a Rule 12(b)(6) motion. See Vega v. Hemp *1062 stead Union Free Sch. Dist., 801 F.3d 72, 91-92 (2d Cir. 2015) (noting that plaintiff adequately and plausibly pleaded retaliation claims under Title VII when, soon after filing a charge of racial discrimination, his work duties changed, the district stopped communicating with him, and his pay was temporarily reduced); Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 24-25 (1st Cir. 2014) (reversing the Rule 12(b)(6) dismissal of a retaliation claim because the plaintiff had plausibly alleged causation); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that the employment discrimination prima facie case is “a flexible evidentiary standard” not a “rigid pleading standard”).
As an alternative ground, the Department argues that Blomker has not properly exhausted her claims. In order for a federal employee to sue for discrimination under Title VII, the employee must initiate contact with an agency EEO counselor “within 45 days of the date of the matter alleged to be discriminatory.” 29 C.F.R. § 1614.105(a)(1); see West v. Gibson, 527 U.S. 212, 218-19, 119 S.Ct. 1906, 144 L.Ed.2d 196 (1999) (holding that for federal employees, Title VII is “a dispute resolution system that requires a complaining party to pursue administrative relief prior to court action, thereby encouraging quicker, less formal, and less expensive resolution of disputes within the Federal Government and outside of court”). Furthermore, a federal employee 'must wait until resolution of the EEO claim within the agency, or wait until the claim has been pending and unresolved for 180 days, before filing suit in court. 42 U.S.C. § 2000e-16(c).
However, failure to exhaust is an affirmative defense which must be proved by the defendant. Miles v. Bellfontaine Habilitation Ctr., 481 F.3d 1106, 1107 (8th Cir. 2007) (per curiam) (holding that because the plaintiff stated in her form pro se complaint that she filed a charge with the EEOC and attached her right-to-sue letter, the district court improperly dismissed the complaint for failure to exhaust). In her complaint, Blomker alleges that she has filed numerous EEO complaints, and that she has requested a copy of her right-to-sue letter-but has not yet received it. Generally attaching the right-to-sue letter is a precondition to filing suit, but it is one that may be remedied after suit has been filed. Jones v. Am. State Bank, 857 F.2d 494, 499-500 (8th Cir. 1988) (holding that receipt of a right-to-sue letter is a condition precedent to filing, but curable after the action had been commenced). Because the exhaustion issue was not decided by the district court and is unclear from the sparse record before us, I would reverse and remand so that the.parties may litigate whether Blomker has exhausted her administrative remedies under the rubric set forth for federal agency employees. If she has, I believe Blomker should be allowed to litigate her Title VII harassment and retaliation claims.[8]

. Tang is particularly instructive as it involved a plaintiff who was initially pro se, but is now represented by counsel, and involved four incidents that spanned the course of just over one year. 821 F.3d at 211-214. The court found that it could parse out the offending conduct (discussions of the word "ass” and Thai au pairs) and find it to be harmless in isolation, but at the sunimary judgment stage, this was not the appropriate analysis. Id. at 216. Importantly, the court pointed out that "Title VII requires no magic words to convert a verbal exchange into the stuff of sexual harassment.” Id.

. My review of the record indicates that the district court correctly dismissed Blomker's disability discrimination claim. Blomker's allegations with regard to an alleged disability are sparse and lack plausibility. Nor does Blomker press the disability claim in her briefing.